UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CRIMINAL ACTION NO. 09-16-DCR

UNITED STATES OF AMERICA                                                                 PLAINTIFF

VS.                          **PRETRIAL AND DISCOVERY ORDER**

RUSSELL CLETUS MARICLE;
DOUGLAS C. ADAMS;
CHARLES WAYNE JONES;
WILLIAM E. STIVERS, a/k/a
AL MAN; FREDDY W. THOMPSON;
PAUL E. BISHOP; WILLIAM
B. MORRIS, a/k/a BART and
DEBRA L. MORRIS, a/k/a
DEBBIE                                                                                  DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Defendant having been arraigned on the above action and having pled not guilty, the Court enters this general order governing discovery and pretrial procedures for criminal actions.

1.      This matter is assigned for a final pretrial conference on **April 30, 2009**, beginning at the hour of **10:00 a.m.**, at the United States District Court in **London, Kentucky**.

2.      This matter is assigned for trial by Jury on **May 19, 2009**, beginning at the hour of **9:30 a.m.**, at the United States District Court in **London, Kentucky**. Counsel shall be present in Court at **9:00 a.m.**

3. (a)  To avoid loss of credit for acceptance of responsibility under the United States Sentencing Guidelines, any motion for re-arraignment shall be filed no less than forty-eight (48)

1

hours prior to the date of the final pretrial conference. The parties are advised and cautioned that any such motions that do not comply with this paragraph must be accompanied by an affidavit of counsel explaining the failure to comply. Following the filing of a motion for re-arraignment, and if the parties intend to proceed pursuant to a written plea agreement, a copy of the proposed plea agreement shall be submitted for the Court's review within **twenty-four (24) hours** of any motion for re-arraignment.

(b)     The Court also alerts counsel to *United States v. Rocky Miller*, No: 6:08-23-DCR (E.D. Ky. July 30, 2008)(Docket Entry No. 50). The referenced Memorandum Opinion and Order sets forth Judge Reeves's application of 18 U.S.C. §§ 3143(a)(2) and 3145(c) in the context of a defendant, otherwise subject to pre-sentencing detention under §§ 3142(f)(1)(C) and 3143(a)(2), who applied for release under the "exceptional reasons" language of § 3145(c). Counsel should consult said Opinion if such issues may apply, at any point, in this case. Per *Miller*, although the District Court has jurisdiction under § 3145(c), the Court will undertake the fact-intensive "exceptional reasons" inquiry only in "those instances in which a defendant is incapacitated (physically or mentally) such that he or she is unable to engage in further similar criminal conduct. Additionally, such a defendant must be capable of raising a legitimate issue on appeal. And as the statute plainly states, a defendant must meet a higher standard of proof by *clearly showing* that exceptional reasons justify release." *See Miller*, No: 6:08-23-DCR, DE #50, at 18-19. The District Court will expect counsel to be conversant with this analysis as to any similar prospective release request in this case.

4. <u>Defensive motions</u>

(a) <u>Generally</u>  Defensive motions (except motions for discovery under paragraph 5) shall be filed within thirty (30) days after arraignment, **accompanied by a memorandum of authorities**. In the case of subsequent arraignment on a superseding indictment, any defensive motions shall be filed within the original (30) day deadline or within fifteen (15) days of re-arraignment, whichever date is later. All motions, responses and replies will be governed by Rule 12.1 the Joint Local Rules of Criminal Practice for the Eastern and Western Districts of Kentucky, and shall be accompanied by a memorandum of authorities. An extra paper copy of such memorandum shall be filed for the convenience of the Court, with an electronic copy to be transmitted via e-mail to the Magistrate Judge's Chambers at [wier_chambers@kyed.uscourts.gov](mailto:wier_chambers@kyed.uscourts.gov). Hearings on motions requiring evidentiary hearings or oral arguments will be scheduled by the Magistrate Judge. Counsel shall confer and have all necessary witnesses present and ready to testify at such hearings.

(b) <u>Motions to Suppress</u>  Paragraph 4 of this Order shall apply to motions to suppress evidence, except that the opposing memorandum of the United States with regard to such motions shall be filed no later than three (3) business days prior to the date of the suppression hearing before the Magistrate Judge. Supplemental memoranda may be filed after completion of the suppression hearing at the discretion of the Magistrate Judge.

5. <u>Pretrial discovery and inspection</u>

(a) <u>The Government</u>  Within 10 days after arraignment, the Assistant United States Attorney and the defense counsel shall confer and, upon request, the United States shall fully

comply with its obligation to disclose evidence in accordance with Rule 16(a) of the Federal Rules of Criminal Procedure.

(b) <u>The Defendant</u>    Within ten (10) days after the arraignment, the Assistant United States Attorney and the defense counsel shall confer and, upon request, the Defendant shall produce all items discoverable pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

(c) <u>Declined disclosure</u>    If, in the judgment of the United States, it would not be in the interests of justice to make any one or more disclosures as required by this order and/or Rule 16(a) and requested by defense counsel, disclosure may be declined. A declination of any requested disclosure shall be in writing, directed to defense counsel, and signed personally by the Assistant United States Attorney, and shall specify the types of disclosure that are declined. If the Defendant seeks to challenge the declination, he/she shall proceed pursuant to subsection (d) below.

(d) <u>Additional discovery or inspection</u>    If additional discovery or inspection is sought, Defendant's attorney shall confer with the appropriate Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written and the United States shall respond in like manner. If the parties are unable to resolve their discovery dispute, the party seeking discovery shall file a motion not later than five (5) days prior to the pretrial conference, specifying the details of the dispute and legal authority supporting disclosure.

(1) <u>Jencks Act material</u>  This order does not require the United States to disclose Jencks Act material to the Defendant prior to trial other than as required by 18 U.S.C. § 3500.

(2)   <u>Brady material</u>   The Government shall disclose any *Brady* material of which it has knowledge in accordance with Rule 16(a). If disclosure is not required by Rule 16(a), said material shall be disclosed to Defendant in time for effective use at trial.

(3)   <u>Rule 404(b) evidence</u>   Upon service of a request from the Defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause. Seven (7) calendar days prior to trial is presumed to be reasonable notice by this Court.

(e) If the Government is unsure as to the nature of any evidence and the proper time for disclosure, then it may request an *in camera* hearing for the purpose of resolving this issue. A failure to disclose *Brady* material at a time when it can be effectively used at trial may result in a recess or a continuance so that the Defendant may properly utilize such evidence.

6.   <u>Voir Dire</u>   The Court will conduct the initial voir dire examination of prospective jurors. However, unless otherwise indicated, and in cases involving a single defendant, each party shall be given fifteen (15) minutes to conduct any follow-up voir dire. The Court may exercise its discretion to shorten individual voir dire in cases involving multiple defendants.

7.   <u>Jury Instructions</u>   Proposed jury instructions need not be filed in the record but the parties are advised to submit complete instructions to the Court's Chambers prior to the pretrial conference. These instructions shall be submitted electronically (word perfect format) to Reeves_Chambers@kyed.uscourts.gov as well as in paper form. The proposed instructions shall cite

supporting authorities. Whenever applicable, the parties shall follow Sixth, Fifth or Eleventh Circuit pattern jury instructions.

    8.    <u>Statement of the Case</u>  The parties shall submit to the Court an Agreed Statement of the Case, or in the event they are unable to agree upon a statement, a separate Statement of the Case, no later than the pretrial conference. This submission should be brief and should identify primary issues raised by the parties (*i.e.*, a basic summary of charges and defenses).

    9.    <u>Witness and Exhibit Lists</u>  The United States (and the Defendant if he/she so chooses) shall submit its *in camera* witness and exhibit list on or before the pretrial conference. The witness list should identify any evidentiary or other issues which may delay the proceedings and include an estimation of the expected length of direct testimony regarding each person identified.

    10.    <u>Miscellaneous Pretrial Issues</u>  In addition to the matters specified herein, the pretrial conference shall be the deadline for:

a) filing any motions in limine;

b) premarking for identification purposes all exhibits to be used at trial; and,

c) filing a stipulation as to the authenticity of the exhibits.

This **20th** day of March, 2009.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge