UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN  DIVISION
at LONDON

CRIMINAL ACTION NO.  09-16-DCR

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.          **FIRST AMENDED PRETRIAL AND DISCOVERY ORDER
          AND ORDER CONTINUING PRIOR TRIAL DATE**

RUSSELL CLETUS MARICLE;
DOUGLAS C. ADAMS;
CHARLES WAYNE JONES;
WILLIAM E. STIVERS, a/k/a
AL MAN; FREDDY W. THOMPSON;
PAUL E. BISHOP; WILLIAM
B. MORRIS, a/k/a BART and
DEBRA L. MORRIS, a/k/a
DEBBIE                                                                       DEFENDANTS

* * * * * * * * * * * * * * * * * *

The Court addresses the schedule for disposition of the case.  Several of the Defendants have moved to alter the schedule or continue various dates set by the prior Pretrial and Discovery Order. *See* DE #73 (Adams motion); #86 (Government response); #113 (Maricle motion); #154 (Government response); #153 (Stivers motion); #146 (D. Morris motion); *see also* DE #105 (Order deferring schedule as to Defendant William Morris, pending resolution of counsel issues).  The Court heard from all parties, as to the schedule, at an April 30, 2009 status conference.

Each Defendant advocated for (or indicated agreement to) a trial date no sooner than September 2009.  The United States sought a date in approximately 60-75 days.  Based on the described voluminous discovery, the open issues concerning status of counsel, and the overall nature

1

of the case, the Court determines that it should set aside the current schedule, continue the current pretrial and trial dates, and implement a new schedule.

The scenario presented warrants a continuance consistent with Speedy Trial Act standards. Indeed, the ends of justice served by granting a continuance of the type sought outweigh the best interest of the public and the Defendants in a speedy trial. The factors supporting this finding include the established need to provide counsel for the Defendants the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence. Several lawyers are new to the case; the Court has disqualified counsel for one Defendant, who may or may not need new counsel depending on appeal of that disqualification order. Another counsel faces a continuing disqualification issue. Further, the case does involve eight Defendants and a RICO charge encompassing a period of over 5 years; the evidence is extensive and of various forms, including documents and multiple taped conversations. Thus, the complexity of the case indicates that it would be unreasonable to expect adequate preparation for pretrial proceedings and for the trial within the normal STA limits. Each defense counsel agreed that the case qualifies as complex under the STA, and the United States did not contest that characterization or the propriety of a continuance.

The Court thus GRANTS the motions that address the schedule, DE ## 73, 113, 153, and 146 to the extent reflected in this Order, and issues the following First Amended Pretrial and Discovery Order which shall apply to ALL Defendants:

1.    This matter is assigned for an initial  pretrial conference on **August 4, 2009**, beginning at the hour of **10:30 a.m.**, at the United States District Court in **London, Kentucky**.

2.      This matter is assigned for a final pretrial conference on **September 2, 2009**, beginning at the hour of **10:30 a.m.**, at the United States District Court in **London, Kentucky**.

3.      This matter is assigned for trial by Jury on **September 14, 2009**, beginning at the hour of **9:30 a.m.**, at the United States District Court in **London, Kentucky**.  Counsel shall be present in Court at **9:00 a.m.**  The estimated length of trial is 4 weeks.

4. (a)   To avoid loss of credit for acceptance of responsibility under the United States Sentencing Guidelines, any motion for re-arraignment shall be filed no less than forty-eight (48) hours prior to the date of the INITIAL (not the final) pretrial conference.  The parties are advised and cautioned that any such motions that do not comply with this paragraph must be accompanied by an affidavit of counsel explaining the failure to comply.  Following the filing of a motion for re-arraignment, and if the parties intend to proceed pursuant to a written plea agreement, a copy of the proposed plea agreement shall be submitted for the Court's review within **twenty-four (24) hours** of any motion for re-arraignment.

(b)      The Court also alerts counsel to *United States v. Rocky Miller*, No: 6:08-23-DCR (E.D. Ky. July 30, 2008)(Docket Entry No. 50).  The referenced Memorandum Opinion and Order sets forth Judge Reeves's application of 18 U.S.C. §§ 3143(a)(2) and 3145(c) in the context of a defendant, otherwise subject to pre-sentencing detention under §§ 3142(f)(1)(C) and 3143(a)(2), who applied for release under the "exceptional reasons" language of § 3145(c).  Counsel should consult said Opinion if such issues may apply, at any point, in this case.  Per *Miller*, although the District Court has jurisdiction under § 3145(c), the Court will undertake the fact-intensive "exceptional reasons" inquiry only in "those instances in which a defendant is incapacitated (physically or mentally) such that he or she is unable to engage in further similar criminal conduct.

3

Additionally, such a defendant must be capable of raising a legitimate issue on appeal. And as the statute plainly states, a defendant must meet a higher standard of proof by *clearly showing* that exceptional reasons justify release." *See Miller*, No: 6:08-23-DCR, DE #50, at 18-19. The District Court will expect counsel to be conversant with this analysis as to any similar prospective release request in this case.

      5.    <u>Defensive motions</u>

      (a)    <u>Generally</u>    Defensive motions (except motions for discovery under paragraph 5) shall be filed by June 15, 2009, **accompanied by a memorandum of authorities**. In the case of subsequent arraignment on a superseding indictment, any defensive motions shall be filed within the original (30) day deadline or within fifteen (15) days of arraignment on a superseding indictment, whichever date is later. All motions, responses and replies will be governed by Rule 12.1 the Joint Local Rules of Criminal Practice for the Eastern and Western Districts of Kentucky, and shall be accompanied by a memorandum of authorities. An extra paper copy of such memorandum shall be filed for the convenience of the Court, with an electronic copy to be transmitted via e-mail to the Magistrate Judge's Chambers at <u>wier_chambers@kyed.uscourts.gov.</u> Hearings on motions requiring evidentiary hearings or oral arguments will be scheduled by the Magistrate Judge. Counsel shall confer and have all necessary witnesses present and ready to testify at such hearings.

      (b)    <u>Motions to Suppress</u>    Paragraph 5 of this Order shall apply to motions to suppress evidence, except that the opposing memorandum of the United States with regard to such motions shall be filed no later than three (3) business days prior to the date of the suppression

hearing before the Magistrate Judge.  Supplemental memoranda may be filed after completion of the suppression hearing at the discretion of  the Magistrate Judge.

      6.    <u>Pretrial discovery and inspection and remaining deadlines.</u>

The balance of the original Pretrial and Discovery Order will continue to apply concerning pretrial discovery and inspection, voir dire, jury instructions, witness/exhibit lists, case statements, and miscellaneous issues.  Dates tied to the pretrial shall operate relative to the final pretrial conference date.

This the 1st day of May, 2009.

Signed By:

**_Robert E. Wier_**

**United States Magistrate Judge**