UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:09-CR-16-DCR |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RUSSELL CLETUS MARICLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \*

The Court conducted arraignment of seven defendants in this case relative to the Superseding Indictment. Previously, the Court had arraigned the eighth defendant named in the latest indictment. *See* DE #285 (Minute Entry). In addition to the act of arraignment, the Court addressed various status issues in the case concerning pending motions.

As to the case schedule, the Court modified the schedule and **GRANTED** in part motions for extension filed by several of the defendants. *See* DE ##283, 287, 288, 293, 294 (Motions). The new schedule[1], which applies to **ALL** defendants in the case, including Defendant Stanley Bowling, will be as follows:

---

[1] This continuance complies with the Speedy Trial Act. The Superseding Indictment contains a new substantive count and presents two significant forfeiture counts related to the RICO and money laundering charges. The United States has not yet provided discovery as to the added charges, and the ends of justice served by granting the short continuance outweigh the public and defense speedy trial interest. Thus, even in the exercise of due diligence, the defense justifiably needs the time provided to prepare adequately for trial in light of the new allegations and the obligation to assess discovery. *See* 18 U.S.C. § 3161(h)(7). Further, motions filed and/or pending since implementation of the prior schedule have created excludable days well in excess of the continuance here granted. *See id.* § 3161(h)(1)(D). The schedule complies with the Act as to all defendants, who currently are under one statutory clock. *See id.* § 3161(h)(6).

      a.      The **deadline for filing defensive motions is August 17, 2009**, and the August 21, 2009 pre-trial conference is cancelled;

      b.      The **initial pretrial conference shall occur on September 2, 2009 in London, Kentucky at 10:30 a.m.**;

      c.      The **final pretrial conference shall occur on September 14, 2009 in London at 9:30 a.m.**; and

      d.      The **trial shall commence on September 28, 2009 in London at 9:30 a.m., with counsel appearing at 9:00 a.m.**

As a predicate for the schedule, the Court directs that the United States provide all Rule 16 discovery, relative to the new counts, by **no later than July 23, 2009.**

The Court will schedule such hearings as any pre-trial or other motions filed may require.

Duties and deadlines provided in the prior Pretrial and Discovery Orders shall be calculated relative to these new dates. *See* DE ##27 (Pretrial and Discovery Order); 185 (First Amended Pretrial and Discovery Order); 258 (Minute Entry for Motion Hearing). The Government indicates that, from its perspective, the new indictment would increase the previously predicted trial length only by a few extra days, primarily encompassing forfeiture issues.

Per the admonition communicated to the parties, Judge Reeves intends to keep the case (now pending since mid-March of 2009) on the current schedule, and the parties should litigate in a manner that will adhere to that schedule. Relative to the Superseding Indictment, unsealed on July 10, 2009, the parties will have 70+ days from the July 16 arraignment in which to prepare for trial. The Court will entertain motions as filed, concerning any pretrial and discovery matters, but again refers to the Pretrial and Discovery Orders, which address Rule 16 and *Brady* issues categorically.

This Order resolves only nondispositive pretrial issues per Rule 59(a). The parties should

consult that rule for appeal rights and mechanics. Failure to object per Rule 59(a) waives a party's right to review.

Signed By:

*Robert E. Wier*

**United States Magistrate Judge**