UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:09-CR-16-DCR-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RUSSELL CLETUS MARICLE, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Defendant Maricle seeks access to documents reflecting the prosecution's compliance with DOJ guidelines concerning RICO prosecutions. *See* DE #384 (Motion). The United States has responded in opposition. *See* DE #457 (Response). The Court need not await a reply to resolve the motion, which has no merit.

The United States Attorney's Manual sets protocols for RICO prosecutions, and those guidelines include a central clearing mechanism within the DOJ. *See* U.S. Attorneys' Manual 9-110.101; 9-110.200 (1997).[1] Thus, in advance of initiating a RICO prosecution, a prosecutor must obtain pre-clearance and approval from the Attorney General's RICO desk. Other oversight mechanisms also exist within the Manual, relative to RICO. *See id.*, Title 9-110.000.

Maricle seeks the discovery of the required memo justifying a RICO prosecution and any draft indictment(s) provided to fulfill the screening protocol. The United States argues (a) the matters are not discoverable under Rule 16; (b) the Manual gives Maricle no enforceable rights;

---

[1] The Court references the most current version of the Manual, including post-1997 updates available online at http://www.usdoj.gov/usao/eousa/foia_reading_room/usam.

and (c) the work-product doctrine shields the materials from discovery. On this record, Maricle plainly is not entitled to the information sought, and the Motion is **DENIED**.

The Manual creates no substantive rights for defendants. *See id.* at 9-110.200 ("These guidelines . . . do not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party[.]"). Internal governmental rules that reflect or implement constitutional or statutory restrictions may provide an enforcement avenue. *See United States v. McKee*, 192 F.3d 535, 541 (6th Cir. 1999) (expressing potential enforcement of internal IRS rules where "'compliance with the regulation is mandated by the Constitution or federal law'") (quoting *United States v. Caceres*, 99 S. Ct. 1465, 1470 (1979)). However, internal agency rules that do not track or implement constitutional or statutory requisites create no enforceable rights for third parties. *See United States v. Myers*, 123 F.3d 350, 355-56 (6th Cir. 1997) (refusing to enforce U.S. Attorney's Manual provision and noting that "a violation by the government of its internal operating procedures, on its own, does not create a basis for suppress[ion]"); *see also United States v. Lopez-Matias*, 522 F.3d 150, 155-56 (1st Cir. 2008) (refusing to enforce U.S. Attorney's Manual protocols and holding that provisions related to prosecutorial choices "enjoy greater flexibility because the exercise of prosecutorial discretion" is a core executive branch function). In *United States v. Eisenberg*, 773 F. Supp. 662 (D.N.J. 1991), the court specifically denied discovery of RICO clearance documents after finding that, per *Caceres,* no remedy would obtain for any violation: "[V]iolation of such guidelines would not form the basis for dismissal of the Superseding Indictment." *Id.* at 703.

Maricle does not seriously suggest that the RICO guidelines import any constitutional or mandated statutory values. The guidelines themselves plainly relate to prosecution choices and

priorities in the context of a potentially broad statute. Rather, the motion weakly cross-references an earlier motion to disqualify the prosecutor, *see* DE #296 (Motion), contending that the disqualification issue is "an unusual legal problem of constitutional magnitude." *See* DE #384-2 (Memorandum in Support) at 2. The Court has already rejected the disqualification motion, *see* DE #337 (Order), and nowhere in the underlying motion or the pending appeal to Judge Reeves has Defendant argued that the disqualification issue has a constitutional dimension. Maricle fails to link the Manual sections themselves to any constitutional duty or statutory mandate, and any effort to fit within *McKee* plainly fails.

Further, the United States correctly argues that Federal Rule of Criminal Procedure 16(a)(2) would bar disclosure. That rule excludes from discovery "reports, memoranda, or other internal government documents made by an attorney for the government . . . in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a). Information, otherwise discoverable, that is "material to preparing the defense" may be accessed, but the Supreme Court has defined materiality as meaning "the defendant's response to the Government's case in chief." *See United States v. Armstrong*, 116 S. Ct. 1480, 1485 (1997) (construing then-applicable materiality "to the preparation of defendant's defense"). Here, Maricle's argument is procedural noncompliance with a litigation predicate, and nothing suggests that the information would be "material" – i.e., related to whether "defendant committed the crime charged" – under Rule 16 and *Armstrong*. *See id.*

Finally, the work-product doctrine applies with particular vigor in the criminal justice system. *See United States v. Nobles*, 95 S. Ct. 2160, 2170 (1975) (noting doctrinal application "even more vital" in criminal cases). The "core" of the doctrine is sheltering of "the mental

processes of the attorney[.]" *See id.* Surely, memoranda between prosecutors and draft pleadings, more than any other documents, reflect attorney mental processes and are at the apex of work-product protection. Maricle offers no justification that would compromise the doctrine as applicable to the materials sought.

For all of these reasons, the Court **DENIES** Maricle's motion to access records concerning the prosecution's compliance with RICO prosecution guidelines applicable to United States Attorneys.

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Fed. R. Civ. P. 72(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

This the 3d day of September, 2009.

Signed By:
*Robert E. Wier*  /s/ REW
**United States Magistrate Judge**