UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:09-CR-16-DCR |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RUSSELL CLETUS MARICLE, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court evaluates various pending motions related to discovery. *See* DE #297 (Maricle motion); DE ##302 & 320 (Jones motions); DE #319 (Adams motion); DE #328 (consolidated United States response to Maricle, Jones, and Adams motions); DE #368 (Bowling notice/motion); DE #389 (Thompson motion); DE #392 (Jones reply); and DE #452 (United States response to Thompson motion). Except as noted, the motions are fully briefed and stand submitted.

### A. DISCOVERY PRINCIPLES

The motions, while varied and specific to each Defendant, call for application of various established principles of discovery in a federal criminal case. The Court reviews those principles applicable to the motions at issue.

Federal Rule of Criminal Procedure 16 is the primary and near-exclusive route to discovery during the pendency of a federal criminal prosecution. The Rule defines the scope of unilateral and bilateral discovery and provides mechanisms for Court enforcement. There is no parallel to open or relevance-based civil discovery within the criminal rules, and if Rule 16 does not sanction a

disclosure, the request typically is improper. *See United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir. 1992) (rejecting any "'general constitutional right to discovery in a criminal case'") (citation omitted), *abrogated on other grounds by Hampton v. United States*, 191 F.3d 695, 702 (6th Cir. 1999).

Outside of Rule 16, the Jencks Act and the familiar *Brady/Giglio* line of cases ensure defense access to certain information through the course of a prosecution. Neither is a discovery rule per se, and the timing of disclosure rests on the terms of the provision involved. *Brady* and *Giglio* require disclosure of evidence "favorable" to a defendant that is "material" either to guilt or punishment. The scope includes impeachment evidence. *See Kyles v. Whitley*, 115 S. Ct. 1555, 1565 (1995). There is overlap, or at least kinship, between part of Rule 16 and *Brady*. Thus, Rule 16(a) assures access to documents or objects "material to preparing the defense." *See* Rule 16(a)(1)(E)(i). Materiality under Rule 16 relates to "preparation of the defendant's defense [, *i.e.*,] 'the defendant's response to the Government's case in chief.'" *United States v. Pesaturo*, 519 F. Supp.2d 177, 190 (D. Mass. 2007) (quoting *United States v. Armstrong*, 116 S. Ct. 1480, 1485 (1996)). The reference to materiality has been described as a "recognition of *Brady*'s obligation." *See United States v. Shaygan*, No. 08-20112-CR, 2009 WL 980289, at *25 (S.D. Fla. Apr. 9, 2009) (awaiting publication). The advisory committee referenced *Brady* and cited the rule as "underscor[ing] the importance of disclosure of evidence favorable to the defendant." *See* Rule 16 advisory committee's notes for 1974 Amendment.

The Jencks Act bars discovery of any covered "statement or report in the possession of the United States" until the pertinent witness "has testified on direct examination in the trial of the case." *See* 18 U.S.C. § 3500(a). As to any covered "statement," the Jencks Act alone defines the timing and

manner of discovery. *See United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994); *United States v. Melgar*, No. 3:08-CR-11, 2008 WL 3473913, at *1 (E.D. Tenn. Aug. 8, 2008) (unpublished) (if statement is "either *Brady* material or Jencks Act material," then Jencks Act controls).

As to non-Jencks Act *Brady* material outside of Rule 16, the law requires disclosure "in time for effective use at trial." *See, e.g.*, *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988) ("[T]he discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions. The rule provides no authority for compelling the pre-trial disclosure of *Brady* material."). The Court notes, however, that *Brady* is a rule of due process, not a rule of pretrial discovery; the Government, "at its peril," generally acts as the assessor of evidence. *See Presser*, 844 F.2d at 1281-82. As such, the prosecution proceeds with knowledge of its disclosure obligations and knowledge of the Jencks and *Brady* mechanisms in place to spare prejudice and assure adequate preparation time for the defense. The decision of the United States concerning *Brady* disclosure necessarily involves a balance of interests, and the District Court plainly retains the authority to manage the trial in a way that preserves full and fair trial preparation time for any defendant affected by the Government's disclosure calculus.

A statement from a potential witness who also is a co-conspirator would fall within the statute. *See, e.g.*, *United States v. Aquart*, No. 3:06-CR-160, 2006 WL 2684304, at *5 (D. Conn. Sept. 19, 2006) (unpublished) (stating that, per the Jencks Act, "statements of witnesses or prospective witnesses, including co-conspirators, are not discoverable until after the witness testifies"). Further, a defendant typically has no right to a pretrial witness list. *See United States v. Davis*, 306 F.3d 398, 420 (6th Cir. 2002); *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993). The Court's pretrial orders recognize this discovery limitation. *See* DE #27 (Pretrial and

Discovery Order); DE #185 (First Amended Pretrial and Discovery Order); DE #289 (Pretrial and Discovery Order as to Bowling).

Forced pretrial identification of an informant or cooperating witness is an extreme remedy. The defense has the burden on such a request. Disclosure must be "material" or "essential" to the defense, as when "the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984). Courts typically require a showing that disclosure would be "essential to a fair trial." *Badley v. United States*, 48 F. App'x 163, 167 (6th Cir. 2002) (unpublished). The defense faces the burden. *See United States v. Dexta*, 136 F. App'x 895, 904-05 (6th Cir. 2005) (unpublished) (placing burden on defendant and noting that "mere conjecture or supposition" is not adequate to justify forced disclosure). Courts typically require a showing that, balanced against the Government's limited informant privilege, disclosure would be "essential to a fair trial." *Badley*, 48 F. App'x at 167; *see also Roviaro v. United States*, 77 S. Ct. 623, 628 (1957) (calling for a balancing of interests and case-by-case approach to the issue of informant identity).

The Court's pretrial orders already address and resolve many of the pending requests. *See* DE ##27, 185, & 289. Thus, per those orders, (a) the parties must comply with Rule 16; (b) the Jencks Act exclusively governs material within its realm; (c) non-Rule 16(a) *Brady* material must be disclosed "in time for effective use at trial"; and (d) the Government may seek in-camera review for questions concerning either the "nature of" any evidence or the "proper time" for disclosure.

### B. SPECIFIC RULINGS

The Court will not reiterate rulings in place. The pretrial orders, and the self-executing provisions within the rules, obligate the United States to comply with Rule 16 and to make

timely disclosures and notifications. Further, the United States acknowledges its disclosure duties under the Rules and *Brady*.

**1.    Adams**

Defendant Adams seeks only acceleration of *Brady* and *Giglio* disclosure, asking the Court to order such disclosure no later than thirty (30) days prior to trial.[1] The pretrial orders require disclosure of non-Rule 16(a) *Brady*/*Giglio* in time for effective use at trial, and the Court will not micromanage the Government's defined role in *Brady*/*Giglio* processing. The United States declares its intent to provide *Brady*/*Giglio* information ten days before trial, and the effectiveness of that timing will depend on what is, in fact, disclosed. The Court **DENIES** Adams's motion.

**2.    Maricle**

Defendant Maricle seeks a host of *Brady* material,[2] including witness criminal records; witness prior bad acts; other *Brady*/*Giglio* matters such as witness consideration, pending charges, exculpatory and prior inconsistent statements; witness psychological records, and Government witness personnel files. The United States, again, will provide *Brady*/*Giglio* material ten days before trial. As noted above, *Brady* is not a discovery rule, the United States is aware of its *Brady*/*Giglio* duties, and the disclosure timing falls under the rubric of the case and the pretrial orders.

Maricle raises discrete issues concerning psychological records and personnel files of

---

[1] The District Judge already denied the imbedded motion for an extension of time to file pretrial motions. *See* DE #462 (Order).

[2] The tendered order reflects that the overall effort relates to securing "any and all evidence . . . that would constitute *Brady* material." *See* DE #297-1 (Proposed Order).

government witnesses. Psychological records can, if they contain material evidence favorable to a defendant, implicate *Brady*. *See United States v. Ellender*, 947 F.2d 748, 757 (5th Cir. 1991) (characterizing psychological records as "impeachment material" subject to *Brady*). Similarly, a personnel file containing *Brady*/*Giglio* information must, in relevant part, be disclosed to a defendant. *See, e.g.*, *United States v. Nguyen*, No. 05-CR-0205E(F), 2007 WL 1111237, at *7 (W.D.N.Y. 2007) (unpublished). However, a defendant certainly is not entitled to discover all psychological records and all personnel files related to a witnesses for the Government.

Essentially, the prosecutor must effectively assess what is known to the Government and disclose favorable responsive evidence. This means "that the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf[.]" *Kyles*, 115 S. Ct. at 1567. The prosecutor must canvass the prosecution team to discover *Brady* material, and the duty extends to police and investigators. *See Strickler v. Greene*, 119 S. Ct. 1936, 1948 (1999); *Freeman v. United States*, 284 F. Supp. 2d 217, 227-28 (D. Mass. 2003) (extending duty to "find any evidence favorable to the defendant that is known by the prosecution team . . . those acting on the government's behalf in the case against the accused"). The prosecutor need not disclose personnel files or psychological records that do not, in fact, contain *Brady* or other discoverable material.

Maricle's requests do not specify any basis or reason for expecting exculpatory material within psychological records or personnel files. Speculation will not justify discovery. *See Driscoll*, 970 F.2d at 1482 (discussing personnel file issue and upholding denial of ordered disclosure where request was merely "speculative claim"); *see also United States v. Maga*, No. 3:08-CR-166, 2009 WL 1607739, at *2 (S.D. Ohio Jun. 9, 2009) (awaiting publication) ("[A]

defendant must provide some basis beyond mere speculation for his request in order to meet his burden and satisfy the requirements of *Driscoll*."). The prosecutor must survey the team and government agents for *Brady* material, but the Court will not generically order the United States to turn over personnel files or psychological records. Again, an in-camera review option exists for questionable material in the Government's possession.

Although reiterating the obligations of the Government, the Court **DENIES** Maricle's motion.

3.  **Jones**

Jones filed an initial discovery motion, *see* DE #302, and later filed a motion following the Superseding Indictment in the case. *See* DE #320. The Government made one consolidated response to the discovery requests.[3] It has confirmed a set schedule for *Brady/Giglio* compliance.

Most of the initial motion by Jones falls under the same principles discussed in Part A and §§ B.1 and B.2 of this Order. *Brady/Giglio* and Jencks Act disclosures will occur as otherwise directed. Rule 16 addresses access to evidence resulting from warrant issuance as well as to expert reports. Jones can access grand jury materials only via Rule 16 and/or via *Brady*. Further, and as noted previously, a defendant is not entitled to a pretrial witness list. Finally, the District Judge is processing issues over transcription and tape accuracy under a defined paradigm, mooting Jones's enhanced audio request. The *Roviaro* request, presented only in

---

[3] Jones contends that the United States did not respond to the motions. That appears to be correct, technically, as to the first discovery motion (DE #302). However, because of the timing of the motion and the Superseding Indictment, it appears that the United States treated the second discovery motion as supplanting the first. The United States expressly responded to the latter filing. *See* DE #328. The omnibus nature of this Order encompasses both motions under principles applicable to all Defendants.

conclusory fashion, must be denied.[4]　Jones offers no preliminary showing as required by the *Roviaro* line of cases.

　　　Jones's second motion repeats many of the fundamental requests of the primary motion; this Order resolves those requests (*Brady*, exculpatory statements, *Giglio*) on the same basis. Additionally, and as already discussed in this Order, Jones is not entitled to accelerated Jencks Act statements, and the personnel file discussion in § B.2 likewise applies here.

　　　Jones does raise the issue of obstruction by the prosecution. He indicates that a plea agreement may be discouraging a witness from participating in a defense interview. While Jones seeks a remedy from the Court, he does not indicate that the Government actually is acting in an obstructive way. The United States disavows any such conduct: "The United States denies that there is any language in the plea agreements nor has the government been involved in discouraging anyone . . . from interviews by the defense." *See* DE #328-2 (Memorandum in Support) at 5.

　　　It suffices to recite the governing (and sometimes conflicting) rights in play: a defendant has a general right to access witnesses, but a witness has "an equally strong right to refuse to say anything." *See Workman v. Bell*, 178 F.3d 759, 771-72 (6th Cir. 1998). It would be improper for a prosecutor to instruct "a witness not to cooperate with the other side," but a witness "is free to talk or not unless compelled by order of the court." *See id.* (quotations omitted). Here, the United States denies any agreement or other impediment to witness cooperation. If witnesses then choose not to cooperate, that is a matter within their rights. The request for a remedial structure is

---

[4] Defendant also describes the identity of central informants in the case as known, and he specifically indicates an effort to interview such witnesses.

**DENIED**.

Finally, Jones seeks deadlines for various notices, *e.g.*, for Rule 404(b) evidence and for Rule 609 impeachment. Again, the Rules provide distinct notice duties, and the Court will not supplant the Rules by a specific deadline.

**4.    Bowling**

Bowling filed a "notice of request" for discovery with a brief "motion for production." *See* DE #368. The document appears to be an amalgam of an initial discovery request under Rule 16, as well as a specific request for court-ordered disclosure. The United States did not treat the filing as a motion and made no response.

The Court has reviewed the list of requests and finds no appropriate basis for an order compelling production. As with the litany of requests evaluated under Part A's principles in §§ B.1-3, most of Bowling's enumeration falls either under Rule 16 (requests 1, 2, 4, 5, 6), *Brady*/*Giglio* (requests 7, 8, 9, 10, 11, 12, 13) or the Jencks Act (request 14). The grand jury request fails as exceeding the scope of Rule 16 and the disclosure there mandated. Additionally, Judge Reeves already has processed the motion motivating that particular request.

The Court thus **DENIES** the request, to the extent it seeks court involvement. For the reasons and on the analyses presented previously, no basis for a court order exists.

**5.    Thompson**

Defendant Thompson filed a lengthy motion seeking twenty eight (28) categories of documents/information related to government informants and witnesses in the case. As with the other defense requests, to the extent Thompson seeks disclosure under *Brady*/*Giglio*, Rule 16, and/or the Jencks Act, the requests are **DENIED** in view of the prior discussion in this Order and

the planned or required mechanics of the laws concerned.

Further, as discussed relative to Defendant Jones, *see* § B.3, Thompson has not made or approached the required *Roviaro* showing, and to the extent he seeks identification of government informants or witnesses, he thus is not entitled to such information pretrial. His entire request is a blanket discovery document, most of which exceeds the proper boundaries of Rule 16. The United States must, as to Thompson and all Defendants, fulfill Rule 16, *Brady/Giglio*, and the Jencks Act in the manner and according to the timing previously described. In all other respects, the Court **DENIES** Thompson's motion.

## CONCLUSION

On the terms herein stated, and with the limited exceptions outlined in the text, the Court **DENIES** DE #297, DE ##302 & 320, DE #319, DE #368, and DE #389.

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Criminal Procedure 59(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

This the 2d day of October, 2009.

Signed By:
*Robert E. Wier*    REW
**United States Magistrate Judge**