UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL CASE NO. 09-16-S-DCR                    *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA,                         PLAINTIFF,

v.

RUSSELL CLETUS MARICLE, et al.                    DEFENDANTS.

### RESPONSE IN OPPOSITION TO GOVERNMENT'S NOTICE/MEMORANDUM IN SUPPORT OF ADMISSION OF INEXTRICABLY INTERTWINED BACKGROUND EVIDENCE AND ALTERNATIVE REQUEST FOR EVIDENTIARY HEARING

The RICO conspiracy charged in this case accuses the defendants of conspiring from March 2002 to July 17, 2007 to participate in the conduct of the Clay County Board of Elections through a pattern of racketeering activity, which consisted of acts of mail fraud, extortion, bribery and obstruction of justice. The Superseding Indictment specifically sets forth acts such as vote buying, changing votes at the voting machines, extorting money from candidates, and falsifying elections results.

The Government seeks to introduce acts allegedly committed by Maricle that occurred 12-20+ years prior to the start of the alleged RICO conspiracy. The Government argues that this information is inextricably intertwined with the RICO conspiracy because it is necessary to help the jury to understand the origins of Maricle's alleged position as a "political boss" in Clay County and to "complete the story of how Maricle and Adams elevated to the status of bosses of the racketeering enterprise." (Gov. Br. at 7). In the alternative, the Government, only 20 days prior to trial, is giving the defendants notice of 404 (b) evidence that it wishes to use at trial. The

Government argues that the evidence is admissible to show motive, intent, preparation, plan and knowledge.

The Government seeks to introduce the following evidence at trial:

1. The testimony of former Clay County Republican Election Commissioner and convicted felon, Kenny Day, accusing Maricle of vote-buying in the 1980's;

2. The testimony of Kenny Day, accusing Maricle of being involved in influencing a juror in 1990, before Maricle was even a judge;

3. Evidence that Maricle served as Doug Adams' defense attorney when Adams was charged with voter fraud in 1989;

4. Maricle's interview with the television program, "Inside Edition," in 1989, during which Maricle, then a local attorney, provided his perspective on the pervasive drug and corruption problems in Clay County;

5. The testimony of Eugene Lewis, a convicted drug dealer, who will testify that in the late 70's-90's, he operated as a vote buyer at Maricle, Jones and Thompson's request;

6. The testimony of J.C. Lawson, a convicted drug dealer, who will testify that he "contributed heavily" to Maricle's campaign in the 1980's.

Rule 404 (b) precludes "extrinsic" evidence of wrongs that a defendant committed "at different times and under different circumstances from the offense charged." *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995). The rule "does not apply where the challenged evidence is 'inextricably intertwined' with the evidence of the crime charged in the indictment." *Id.* "Inextricably intertwined" evidence means that both the charged conduct and the uncharged conduct "are part of a **single criminal episode** or the other acts were **necessary preliminaries** to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)(emphasis

added). "[A] district court must be careful to consider the cumulative impact of such evidence on the jury and to avoid the potential prejudice that might flow from its admission." *See United States v. Wallach*, 935 F.2d 445, 472 (2d Cir. 1991)(citations omitted).

The fact that Maricle served as a defense attorney for Doug Adams on a vote-buying case that was dismissed does nothing to show that Maricle and Adams were "political bosses" of Clay County or engaged in any of the acts alleged in the Superseding Indictment. This proffered evidence is irrelevant, or at the very least, more prejudicial than probative. Likewise, the fact that Maricle gave an interview to "Inside Edition" acknowledging that drugs and corruption were problems in Clay County does nothing to prove that Maricle was involved in the RICO conspiracy charged in the Indictment. Such evidence is completely irrelevant and more prejudicial than probative.

The evidence proffered by the Government is not inextricably intertwined with the RICO conspiracy charged in the Indictment. Typically, if background evidence is outside of the specific time-frame of the conspiracy charged, it is considered "extrinsic" and falls under Rule 404 (b). *See United States v. Hardy*, 228 F.3d 745, 749 (6th Cir. 2000)("[T]he definition of background or *res gestae* evidence . . . imposes severe limitations in terms of the temporal proximity, causal relationship, or spatial connections that must exist between the other acts and the charged offense."). As stated above, the proffered evidence occurred long before the conspiracy in this case is alleged to have begun. The testimony from Day regarding the alleged tampering with a juror is not connected in any way to the vote-buying alleged in the Indictment and is alleged to have taken place thirteen years prior to the start of the alleged conspiracy. Lawson's testimony that he contributed to Maricle's campaign in the 1980's is not substantially similar to the charges in the Indictment, is too remote in time to be considered "background

evidence," and is unduly prejudicial. The rest of the evidence also is not proximate to the dates of the charged conspiracy, does not establish the inception of the conspiracy charged in the Indictment, does not help explain the charged conspiracy, and is not necessary to explain the witness's testimony. Accordingly, the evidence proffered by the Government can not be considered to be inextricably intertwined with the charged conduct.

Because the proffered evidence can not be properly admitted as background evidence, this Court must conduct a three-step analysis to evaluate the admissibility of the evidence under Rule 404 (b). The Government must demonstrate to this court the following: 1) the bad acts occurred; 2) the specific purpose for which the evidence is offered; and 3) that the probative value outweighs the risk of unfair prejudice. *Id*. at 750.

First, it is questionable whether the bad acts even occurred. The Government is relying on the uncorroborated testimony of three convicted felons who are seeking a reduction in sentence. The reliability of this evidence is certainly questionable.

Second, Government's purpose or purposes for which it plans to offer the other acts evidence is not "material" or "in issue" in this case. *See United States v. Merriweather*, 78 F.3d 1070,1076 (6th Cir. 1996). The Government states that the proffered evidence of allegedly tampering with one juror in 1990 and vote-buying in the 1980's, prior to Maricle becoming a judge, shows motive, intent, and plan to garner favor with politically powerful individuals and preparation in an escalating pattern of gaining corrupt influence within the county. It goes on to say that these actions "create the perception that he, and therefore the enterprise, controlled everything that occurred in the county." (Gov. Br. at 8). However, the Government is required to prove that Maricle knowingly conspired to participate in the affairs of the Clay County Board of Elections through a pattern of bribery, mail fraud, and extortion. The fact that the

Government believes that Maricle may have been perceived by the community as a powerful and influential person, does nothing to prove that he was actually involved in the charged conspiracy. At most, this evidence, if believed, shows that Maricle was allegedly involved in vote buying prior to becoming a judge. However, this evidence does not show that he continued to engage in this type of behavior from 2002-2006.

Third, the proffered evidence is more prejudicial than probative. The Government is attempting to do exactly what Rule 404 (b) prohibits: get the jury to reason that if Maricle was suspected of vote buying and jury fixing in the 1980's, then he must be guilty of the conspiracy charged in the Indictment.

Accordingly, this Court must prohibit the introduction of this evidence. If this Court is considering allowing the Government to introduce the proffered evidence, Maricle requests an evidentiary hearing to explore the issues of reliability, materiality, and undue prejudice.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| STRAUSS & TROY, LPA | /s/ David Hoskins by CCC w/permission |
| | P.O. Box 1185 |
| /s/ Candace C. Crouse _____ | Corbin, KY 40702-1185 |
| MARTIN S. PINALES | Telephone:606-526-9009 |
| CANDACE C. CROUSE (*admitted pro hac vice*) | Fax:606-526-1021 |
| | davidhoskins@bellsouth.net |
| The Federal Reserve Building | |
| 150 East Fourth Street | |
| Cincinnati, Ohio 45202-4018 | |
| Telephone: 513-621-2120 | |
| Fax: 513-241-8259 | |
| mspinales@strausstroy.com | |
| cccrouse@strausstroy.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the foregoing document was provided via the Court's electronic filing system upon the parties of record, on the 3rd day of January, 2010.

/s/  Candace  C.  Crouse
CANDACE C. CROUSE (Ohio Bar No.  0072405)