UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 6: 09-16-S-DCR |
| V. | ) ) | |
| RUSSELL CLETUS MARICLE, et al., | ) ) | **MEMORANDUM OPINION** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*

Various defendants have made oral and written objections or filed motions *in limine* regarding the Government's proposed introduction at trial of audio recordings and accompanying use transcripts relating to those recordings. [*See, e.g.*, Record Nos. 572, 582, 595, 597] The defendants' arguments can be summarized as follows:[1]

    (1)    Use of the recordings should not be permitted because substantial portions of the recordings are unintelligible, thereby rendering the recordings untrustworthy and thus inadmissible;

    (2)    If the recordings are to be played at trial, they should be played in their entirety;

    (3)    The jury should not be given transcripts of the recordings because (a) the transcripts are inaccurate, and (b) the recordings are so incomprehensible that jurors will treat

---

[1]    This Memorandum Opinion addresses only the defendants' general objections concerning the use of recordings and transcripts at trial. Objections regarding the admissibility of specific portions of the recordings and accompanying transcripts will be dealt with in a separate opinion.

the transcripts not as interpretive aids, but as evidence; and

(4) Certain transcripts prepared by the Defendants should also be given or shown to the jury in addition to the transcripts prepared by the United States.

The Court has denied each of these objections/motions at least once. [*See* Record Nos. 571, 621] This Memorandum Opinion will further explain the Court's reasoning and foreclose future argument concerning these issues.

**I.      Use of Recordings**

Several defendants argue that the audio recordings contain so many unintelligible portions that the recordings as a whole are untrustworthy and thus should not be introduced at trial. [*See, e.g.*, Record No. 572, p. 3; Record No. 595, p. 3-4] The admissibility of tape recordings is a matter "within the sound discretion of the district court." *United States v. Wesley*, 417 F.3d 612, 620 (6th Cir. 2005) (citing *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983) (*Robinson I*)). To be admissible, recordings must be "authentic, accurate[,] and trustworthy, and 'must be audible and sufficiently comprehensible for the jury to consider the contents.'" *Id.* (quoting *Robinson I*, 707 F.2d at 876)). A recording that contains unintelligible portions "so substantial as to render the recording as a whole untrustworthy" is not admissible. *Id.* at 620-21 (internal quotations omitted). However, the mere presence of incomprehensible portions "does not automatically render the entire recording inadmissible." *Id.* at 620 (citing *United States v. Robinson*, 763 F.2d 778, 781 (6th Cir. 1985) (*Robinson II*)).

The Court has listened to the recordings the United States seeks to use. While they do contain some unintelligible segments, those segments are not so substantial as to render the

recordings as a whole untrustworthy. *See id.* at 620-21. Moreover, the fact that several defendants submitted "competing" transcripts substantially similar to the Government's versions indicates that the recordings are, on the whole, intelligible and thus trustworthy.[2] *See United States v. Moncivais*, 401 F.3d 751, 756 (6th Cir. 2005) (finding no abuse of discretion in trial court's determination that audio recording was trustworthy where defendant's own translator/transcriber "was able to produce a transcript of substantially all of the conversation, as well as an English version with which the government agreed").

### II.  Use of Portions of Recordings

Some defendants object to the Government's proposed use of only certain portions of the recordings (if the recordings are to be played) and argue that the recordings must be played in their entirety in order to provide context for the allegedly incriminating portions. [*See, e.g.*, Record No. 572, p. 5] The Court has reviewed the portions of the recordings surrounding the audio clips initially submitted by the United States. These portions do not provide essential context for the statements contained in the clips.

The parties were instructed to designate specific segments of the recordings they might seek to introduce at trial. [Record No. 573] However, most ignored this directive. If the defendants seek to introduce segments beyond those designated by the Government, they must identify those segments and demonstrate their relevance and admissibility. Vague, unsupported assertions that the full recordings must be played for "context" are insufficient to justify lengthening an already-lengthy trial significantly by playing every recording in its entirety.

---

2   Indeed, the defendants did not even contest the accuracy of four transcripts.

-3-

### III.   Use of Transcripts

The defendants object to the use of transcripts at trial on two general grounds: first, that the transcripts are inaccurate, and second, that because the tapes are (the defendants argue) of such poor quality, jurors will rely on the transcripts themselves as evidence, rather than the recordings. [*See* Record No. 572, p. 3] The Sixth Circuit has noted that "a transcript intended as an aid to the jury inevitably becomes, in the minds of the jurors, the evidence itself" when the recording as a whole is unintelligible. *United States v. Segines*, 17 F.3d 847, 854 (6th Cir. 1994). As explained above, however, the audio recordings at issue in this case are not substantially unintelligible. Furthermore, as stated at the final pretrial conference (and as requested by several defendants), the Court intends to give a cautionary instruction at various points throughout trial to ensure that jurors rely on the recordings, not the transcripts, as evidence. Use of transcripts under such circumstances has been deemed acceptable by the Sixth Circuit on numerous occasions. *See, e.g.*, *United States v. Elder*, 90 F.3d 1110, 1129-30 (6th Cir. 1996); *United States v. Scarborough*, 43 F.3d 1021, 1024-25 (6th Cir. 1994); *United States v. Hughes*, 895 F.3d 1135, 1147 n.22 (6th Cir. 1990); *see also* Sixth Circuit Pattern Jury Instruction 7.17 (cautionary instruction regarding transcriptions of tape recordings).

Use of transcripts as interpretive aids for jurors is — like use of the recordings themselves — a matter left to the trial court's discretion, provided the court follows appropriate procedures to determine the transcripts' accuracy. *Segines*, 17 F.3d at 854. The Sixth Circuit's rule regarding evaluation of transcripts was first set out in *Robinson I*:

> The ideal procedure for testing accuracy is to have the prosecution and defense attorneys stipulate to a transcript. If there is a dispute concerning the contents of

> the tape, the second best method is for the trial court to make a pretrial determination of accuracy by reading the transcript against the tapes. The third and least preferred method is to present two transcripts to the jury, one of which contains the government's version and the other the defense's version.

707 F.2d at 876 (internal quotations and citations omitted); *see also, e.g.*, *Scarborough*, 43 F.3d at 1024; *United States v. Martin*, 920 F.2d 393, 396 (6th Cir. 1990).

As indicated previously, the Court has conducted an independent review of the portion of the recordings the United States seeks to introduce. The Court compared the recordings to the transcripts submitted by the United States and found the transcripts, on the whole, to be accurate. To the extent the Court identified minor discrepancies between the recordings and the transcripts, the Government was directed to incorporate the Court's revisions, and the parties were given the opportunity to notify the Court of any perceived substantive errors in those revisions. [Record No. 571] Further, the Government has indicated it will be certifying the accuracy of the transcripts. [*Id.*] This procedure is consistent with Sixth Circuit authority for cases where the parties have not stipulated to the accuracy of the transcripts. *See, e.g.*, *Scarborough*, 43 F.3d at 1024-25 (holding that district court did not abuse its discretion in allowing jury to use transcript where court had reviewed transcript against tapes for accuracy, made minor revisions, and given cautionary instruction); *United States v. West*, 948 F.2d 1042, 1045 (6th Cir. 1991) (no abuse of discretion where transcriber testified as to accuracy of transcripts and court made independent determination of transcript accuracy).

In sum, the Court has made a threshold finding that the audio recordings are sufficiently reliable and the transcripts of the recordings are accurate. Moreover, the defendants have not shown that it is necessary to play the entire recordings at trial. However, the Court finds that

such a procedure would be completely unworkable and confusing. Perhaps that is the intention of one or more attorneys in the case, but that issue need not be resolved at this point. The Court will not entertain further argument on these issues.

This 8th day of January, 2010.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge