```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
 2                     SOUTHERN DIVISION at LONDON
                                 - - -
 3
     UNITED STATES OF AMERICA,        :  Docket No. CR 09-16-S
 4                                    :
                          Plaintiff,  :  Frankfort, Kentucky
 5                                    :  Wednesday, March 10, 2010
         versus                       :  12:55 p.m.
 6                                    :
     RUSSELL CLETUS MARICLE,          :
 7   DOUGLAS C. ADAMS                 :
     CHARLES WAYNE JONES              :
 8   WILLIAM R. STIVERS               :
     FREDDY W. THOMPSON                :  Trial Day 21B
 9   WILLIAM B. MORRIS                :
     DEBRA L. MORRIS                  :
10   STANLEY BOWLING,                 :  EXCERPTED TRANSCRIPT
                                      :   Sidebar Conference
11                        Defendants. :

12

13                               - - -
                           TRANSCRIPT OF TRIAL
14                       BEFORE DANNY C. REEVES
             UNITED STATES DISTRICT COURT JUDGE and a jury
15                               - - -

16   APPEARANCES:

17   For the United States:      STEPHEN C. SMITH, ESQ.
                                 JASON D. PARMAN, ESQ.
18                               Assistant U.S. Attorney
                                 601 Meyers Baker Road
19                               Suite 200
                                 London, KY 40741
20
     For the Defendant           MARTIN S. PINALES, ESQ.
21   Russell Cletus Maricle:     CANDACE C. CROUSE, ESQ.
                                 Strauss & Troy
22                               150 E. Fourth Street
                                 Fourth Floor
23                               Cincinnati, OH  45202

24                               DAVID S. HOSKINS, ESQ.
                                 107 E. First Street
25                               Corbin, KY  40701
```

```
 1     For the Defendant          R. KENT WESTBERRY, ESQ.
       Douglas C. Adams:          KRISTIN N. LOGAN, ESQ.
 2                                Landrum & Shouse, LLP
                                  220 West Main Street
 3                                Suite 1900
                                  Louisville, KY 40202
 4

 5
       For the Defendant          T. SCOTT WHITE, ESQ.
 6     Charles Wayne Jones:       Morgan & Pottinger, P.S.C.
                                  133 West Short Street
 7                                Lexington, KY  40507

 8
       For the Defendant          ROBERT L. ABELL, ESQ.
 9     William R. Stivers:        120 North Upper Street
                                  Lexington, KY  40507
10

11     For the Defendant          RUSSELL JAMES BALDANI, ESQ.
       Freddy W. Thompson:        R. TUCKER RICHARDSON, ESQ.
12                                Baldani, Rowland & Richardson
                                  300 West Short Street
13                                Lexington, KY  40507

14
       For the Defendant          JERRY W. GILBERT, ESQ.
15     William B. Morris:         Coy, Gilbert & Gilbert
                                  212 North Second Street
16                                Richmond, KY 40475

17
       For the Defendant          ELIZABETH SNOW HUGHES, ESQ.
18     Debra L. Morris:           Gess, Mattingly & Atchison, PSC
                                  201 West Short Street
19                                Lexington, KY 40507

20
       For the Defendant          DANIEL A. SIMONS, ESQ.
21     Stanley Bowling:           Thompson, Simons, Dunlop & Fore
                                  116 West Main Street
22                                Suite 2A
                                  Richmond, KY 40476
23

24

25
```

| | | |
|---|---|---|
| 1 | Court Reporter: | LISA REED WIESMAN, RDR-CRR |
| 2 | | Official Court Reporter |
| | | 35 W. Fifth Street |
| 3 | | P.O. Box 1073 |
| | | Covington, KY   41012 |
| 4 | | (859) 291-4410 |

5     Proceedings recorded by mechanical stenography, transcript produced with computer.

1             * * *

2      THE COURT: Counsel if you could approach, please.

3        (A sidebar conference was held out of the

4          hearing of the jury):

5      THE COURT: Mr. Smith, through questions of the

6 defendants, the impression's been given to the jury that in

7 order to sustain a conviction, it's necessary to establish

8 that the defendants all supported the same candidates in the

9 elections. I do understand that that's not what's been

10 charged in the indictment. If you wish the Court to give the

11 jury a cautionary instruction as to the purposes charged in

12 the indictment as set forth in paragraph 11 of the indictment,

13 I will do so at this time.

14      MR. SMITH: Can I refresh my memory on that, please?

15 (Reviewing document). Thank you. United States would so

16 request.

17      THE COURT: Mr. Westberry?

18      MR. WESTBERRY: Respectfully, I would object to the

19 cautionary instruction just proposed by the Court. Speaking

20 for Doug Adams, he has been charged in two counts relating

21 to -- for the reporter, Kent Westberry again on behalf of Doug

22 Adams. I would object to the cautionary or limiting

23 instruction that the Court has just proposed.

24      The basis for my objection is as follows. Doug Adams

25 has been charged in Counts 1 and 2 of the indictment with

1 conspiracies both to commit violations of RICO and money
2 laundering.
3 　　　　I believe the line of questioning that I posed to
4 Agent Briggs just a few moments ago was relevant to show a
5 lack of conspiratorial effort among not only Mr. Adams, but
6 with the other alleged co-conspirators.  My fear and my
7 concern with the cautionary instruction that has just been
8 proposed by the Court is that it goes too far, that it would
9 place us at a disadvantage from advancing the argument that
10 there was not a conspiracy among all of these defendants.
11 　　　　I've stated the basis for why I believe that was
12 relevant.  So I've given the best explanation I can in the
13 time period I've been allotted.  I would respectfully disagree
14 with the proposed instruction.
15 　　　　THE COURT:  All right.  On behalf of Mr. Stivers, I
16 know you take that same position.  I assume you agree with Mr.
17 Westberry?
18 　　　　MR. ABELL:  I do agree with Mr. Westberry, Judge, and
19 I'll add that Agent Briggs yesterday was asked questions
20 regarding the methods of this enterprise.  His testimony near
21 the conclusion of yesterday's -- of his testimony yesterday
22 was that the method was that the members of this enterprise
23 would line up in support of candidates identified by the
24 powers that be.
25 　　　　THE COURT:  Certain candidates, I think, was the term

1  that was used.

2  MR. ABELL: And the government advanced in its
3  opening statement and identified Mr. Maricle and Mr. Adams --
4  the phrases used to describe them were king maker, the boss.
5  And testimony yesterday was that the method -- that they would
6  therefore be the powers that be that would anoint the chosen
7  candidate, and the members of this enterprise, therefore, it
8  must follow they'd line up in support of that candidate for a
9  particular race that this enterprise was going to support and
10  yield the benefits; contracts, et cetera, et cetera, that the
11  government claims were the benefits.

12  I think the government has presented evidence and
13  argument that their case is king makers and bosses identified
14  the candidate, and the rest of these folks, including my
15  client, lined up in support and went out and did various --
16  regarding Mr. Stivers, vote buying, et cetera, et cetera. So
17  I would object for the reasons Mr. Westberry has stated and
18  for those reasons.

19  THE COURT: All right. Mr. Baldani wants to join in
20  the objection and perhaps add some additional comments.

21  MR. BALDANI: I want to join on behalf of Freddy
22  Thompson in the objections of both previous co-counsel and
23  simply add that we didn't pursue that questioning, at least
24  with this witness, as an additional reason, Your Honor.

25  THE COURT: You do acknowledge that one or more

1     defendants in the case have made the argument through their
2     questions that in order to sustain a conviction, that all of
3     these individuals would have to line up behind identified
4     candidates.
5          It's never been the government's position that that
6     was what they would prove, and that's not what's been alleged,
7     but that's certainly been the position that's been taken by
8     several defendants in the case, and it would be improper to
9     give that impression to the jury through questions or
10    arguments.
11         MR. BALDANI:  Judge, in response to that inquiry, I
12    would not acknowledge that we've stated that that's what it
13    takes to sustain a conviction.  I think we have properly
14    maintained that there is substantial evidence that these
15    individuals didn't conspire with each other, but I don't think
16    that you can take the leap from making that perfectly proper
17    point to saying that it's necessary to sustain a conviction.
18    I mean, your jury instructions are going to set out the law.
19    So I wouldn't agree that we have done that, and I would
20    object.
21         THE COURT:  I do not want the jury to be confused on
22    this point.  And based on the questions that have been asked
23    throughout the course of this trial and recently, I do think
24    that's the impression that has been given, so I am going to
25    give the cautionary instruction and advise that the charged

1   purpose of the defendants is set forth in the indictment.
2           Mr. Pinales?
3           MR. PINALES:  Your Honor, without any argument, I
4   just want the record to reflect we also agree with Mr. Abell's
5   position.
6           THE COURT:  I assume everybody --
7           MR. WHITE:  Same thing, yes, Your Honor.
8           THE COURT:  -- would join in this objection?
9           MR. SMITH:  While we're here, see if there's going to
10  be objections to taking judicial notice that Clay County is in
11  the Eastern District of Kentucky.
12          MR. WESTBERRY:  Well, I certainly have no objection
13  to taking notice that Clay County -- I'm speaking only for Mr.
14  Adams.  It's never been an issue to me.
15          THE COURT:  Let's see who has objections to that.
16  Anyone?  All right.
17          MR. PINALES:  I have a lot of objections, but not to
18  that, Your Honor.
19          THE COURT:  I'm sure there will be by the end of the
20  day.
21                  (Sidebar conference concluded.)
22          THE COURT:  Thank you.  Ladies and gentlemen, at this
23  time, I will give you further instruction that in order to
24  sustain its burden as to the first count, first charge of the
25  indictment charging a violation of the RICO statute, the

1   United States is not required to prove that all of the
2   defendants supported the same candidates in these elections.
3           It's alleged in paragraph 11 of the indictment that
4   the purposes of the defendants were to obtain, solidify,
5   preserve and expand for the defendants and their associates
6   political power and control within the county and personally
7   enrich for themselves and their associates, through the use
8   and misuse of the authority and power of the Board and the
9   offices of the circuit judge, superintendent of schools and
10  county clerk and the positions of election officers.
11          You are so instructed.
12                              * * *
13                         C E R T I F I C A T E
14          I, LISA REED WIESMAN RDR-CRR, certify that the
    foregoing is a correct excerpted transcript from the record of
15  proceedings in the above-entitled case.
16
17  \s\ Lisa Reed Wiesman                    March 17, 2010
    LISA REED WIESMAN, RDR-CRR              Date of Certification
18  Official Court Reporter
19
20
21
22
23
24
25