1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION at LONDON
                              - - -

UNITED STATES OF AMERICA,       :  Docket No. CR 09-16-S
                                :
              Plaintiff,        :  Frankfort, Kentucky
                                :  Thursday, March 18, 2010
     versus                     :  1:00 p.m.
                                :
RUSSELL CLETUS MARICLE,         :
DOUGLAS C. ADAMS                :
CHARLES WAYNE JONES             :
WILLIAM R. STIVERS              :
FREDDY W. THOMPSON              :  Trial Day 27B
WILLIAM B. MORRIS               :
DEBRA L. MORRIS                 :  EXCERPTED TRANSCRIPT
STANLEY BOWLING,                :
                                :  Cross-examination of
              Defendants.       :  Timothy Briggs


                              - - -
                       TRANSCRIPT OF JURY
                     BEFORE DANNY C. REEVES
              UNITED STATES DISTRICT COURT JUDGE and a jury
                              - - -

APPEARANCES:

For the United States:     STEPHEN C. SMITH, ESQ.
                           JASON D. PARMAN, ESQ.
                           Assistant U.S. Attorney
                           601 Meyers Baker Road
                           Suite 200
                           London, KY 40741

For the Defendant          MARTIN S. PINALES, ESQ.
Russell Cletus Maricle:    Strauss & Troy
                           150 E. Fourth Street
                           Fourth Floor
                           Cincinnati, OH  45202

                           DAVID S. HOSKINS, ESQ.
                           107 E. First Street
                           Corbin, KY  40701
```

```
 1   For the Defendant         R. KENT WESTBERRY, ESQ.
     Douglas C. Adams:         KRISTIN N. LOGAN, ESQ.
 2                             Landrum & Shouse, LLP
                               220 West Main Street
 3                             Suite 1900
                               Louisville, KY 40202
 4

 5   For the Defendant         T. SCOTT WHITE, ESQ.
     Charles Wayne Jones:      Morgan & Pottinger, P.S.C.
 6                             133 West Short Street
                               Lexington, KY  40507
 7

 8   For the Defendant         ROBERT L. ABELL, ESQ.
     William R. Stivers:       120 North Upper Street
 9                             Lexington, KY  40507

10
     For the Defendant         RUSSELL JAMES BALDANI, ESQ.
11   Freddy W. Thompson:       Baldani, Rowland & Richardson
                               300 West Short Street
12                             Lexington, KY  40507

13
     For the Defendant         JERRY W. GILBERT, ESQ.
14   William B. Morris:        Coy, Gilbert & Gilbert
                               212 North Second Street
15                             Richmond, KY 40475

16
     For the Defendant         ELIZABETH SNOW HUGHES, ESQ.
17   Debra L. Morris:          Gess, Mattingly & Atchison, PSC
                               201 West Short Street
18                             Lexington, KY 40507

19
     For the Defendant         DANIEL A. SIMONS, ESQ.
20   Stanley Bowling:          Thompson, Simons, Dunlop & Fore
                               116 West Main Street
21                             Suite 2A
                               Richmond, KY 40476
22

23

24

25
```

```
 1   Court Reporter:           LISA REED WIESMAN, RDR-CRR
                               Official Court Reporter
 2                             35 W. Fifth Street
                               P.O. Box 1073
 3                             Covington, KY   41012
                               (859) 291-4410
 4

 5        Proceedings recorded by mechanical stenography,
     transcript produced with computer.
 6
```

1       * * *

2       CROSS-EXAMINATION

3    BY MR. SMITH:

4    Q.   Agent Briggs, the disk that you have introduced there,

5    does that have all the photographs that was taken by your

6    agents at the scene --

7    A.   No, sir, it's select --

8              MS. HUGHES:  Your Honor, objection.  Could we

9    approach?

10             THE COURT:  Yes.

11                  (A sidebar conference was held out of the

12                       hearing of the jury):

13             THE COURT:  As I understand, you'd already asked him

14   if those were select photographs that were taken from the

15   larger disk.

16             MS. HUGHES:  That is correct.  I removed a few that

17   were just duplicative, and I have no problem with questions

18   about that.  But just the general question leads to the

19   impression I'm hiding something when, in fact, I removed the

20   photographs of the safe and the contents of the safe.  Those

21   were the primary ones I deleted.

22             I don't think it's a fair question, since I made it

23   clear on direct they were not all of the photographs.  I think

24   it's perfectly fair if Mr. Smith wants to ask him about

25   additional photographs.  There were probably 15, I think, I

*BRIGGS - Cross (Mr. Smith)*                                                    5

1   took off of there.
2           THE COURT:  Mr. Smith?
3           MR. SMITH:  It leaves the jury with the impression
4   that the safe was not there, that he didn't take a photograph
5   of it, that, you know, there was limited evidence that was
6   found, and that was addressed in his direct examination.  What
7   was important was to confirm, as witnesses described, where he
8   was storing at the time that these elections were ongoing, and
9   there was a safe there.
10          Miss Hughes took that safe out of those photos.  We
11  talked about it, and I thought we had an agreement going into
12  this witness that the safe would be in there, but not the
13  contents, because there is an exclusion as to the letter that
14  was in the safe.
15          THE COURT:  Just the picture of the outside of the
16  safe?
17          MR. SMITH:  Right.
18          MS. HUGHES:  There is one of those, and I can put
19  that back on.  I just was trying -- I just did not -- I was
20  being very careful.  I think it's favorable to me that the
21  safe was there.  It's not my intention to --
22          THE COURT:  So your question will be whether there
23  was additional photographs and whether one of the photographs
24  included the safe --
25          MR. SMITH:  Right.

*BRIGGS - Cross (Mr. Smith)* 6

1       THE COURT: -- there's been testimony about?
2       MS. HUGHES: And if you would lead him so that he
3 wouldn't volunteer about the letter again, it would be
4 helpful.
5       THE COURT: I assume you're not going to ask him
6 about that.
7       MR. SMITH: Certainly not.
8       THE COURT: Unless one of the other parties bring it
9 up. I know you've been whipsawed on this issue.
10       MS. HUGHES: Not by me.
11       THE COURT: No, you just smile about it.
12       MS. HUGHES: I know.
13       THE COURT: Mr. Smith, if you want to clarify that,
14 you may do so.
15       MR. SMITH: Okay. Only other issue, Your Honor, is
16 whether or not, you know, again, I intend on reserving the
17 ability to recall this witness, obviously, for our rebuttal
18 and am operating under the impression that by announcing this
19 is the end of my questions at this point would not preclude me
20 from recalling him if necessary.
21       THE COURT: He's the case agent. He's here. He's
22 not like some of these other witnesses that we're having to
23 bring back several times. So you would not be precluded from
24 recalling the witness in any rebuttal that you thought was
25 necessary.

*BRIGGS - Cross (Mr. Smith)* 7

1         MS. HUGHES: Thank you.

2         THE COURT: Thank you.

3         (Sidebar conference concluded.)

4         THE COURT: Thank you. Mr. Smith, you may continue.

5 BY MR. SMITH:

6 Q. Agent Briggs, if I understand, these are select photos

7 that have been presented on that disk; is that correct?

8 A. Yes, sir, that's correct.

9 Q. Does it include a photograph of the safe which you found

10 at the house?

11 A. There were actually two safes found at the house. It

12 includes one of them.

13 Q. And the photograph of the second safe is not in there; is

14 that correct?

15 A. That's correct.

16 Q. All right. Now, at the time that you conducted your

17 search, were you surprised to find little evidence when you

18 searched Bart and Debra Morris' residence there on Green

19 Street?

20 A. No, sir, we weren't, because they had largely changed

21 their methodology in 2006 from buying votes to stealing a good

22 portion of votes. Also, two of Mr. Morris's employees and his

23 stepson were subpoenaed to the federal grand jury to testify

24 about this investigation. And thirdly, one of the sources,

25 Kennon White, spoke with Bart Morris about the investigation,

*BRIGGS - Cross (Mr. Smith)* 8

1  which was captured on audio tape.
2  Q.  And did this also search occur subsequent to your search
3  of City Hall in Manchester?
4  A.  Yes.
5  Q.  And what date was that search, sir?
6  A.  We searched City Hall October 31st, 2006, and this didn't
7  occur until March 19, 2009.
8  Q.  Now, as you have described the essence of evidence there
9  at the residence, were you surprised that defendants in this
10 case were absent on election day?
11 A.  Not at all.
12         MR. BALDANI:  Objection, Your Honor.
13         THE COURT:  I'll sustain the objection.
14         MR. SMITH:  May we approach, Your Honor?
15         THE COURT:  Yes, sir.
16                 (A sidebar conference was held out of the
17                  hearing of the jury):
18         MR. SMITH:  I just want to understand the Court's
19 ruling, and I assume it's because it's outside the scope?
20         THE COURT:  Yes, sir.  This would appear to be
21 something that I assume you want to go into in rebuttal.
22         MR. SMITH:  I understand, and I can recall him.
23         THE COURT:  I hate to do that, but inasmuch as there
24 has been an issue raised about that, I'll limit your scope of
25 examination to these matters that are relevant.  Obviously,

*BRIGGS - Cross (Mr. Smith)* 9

1  I'll sustain anything else outside the scope.

2  MR. BALDANI:  That was really only a small reason why
3  I objected.  I don't think there's any evidence that Freddy
4  Thompson was absent, so I think it was kind of unfairly
5  characterizing the evidence.  Plus, asking for his state of
6  mind.  So I figured, I mean, I don't want to be the cause of
7  him having to bring back a witness simply if you thought I was
8  objecting it was outside the scope.

9  THE COURT:  Well, I'm assuming, and I could be wrong
10 in this, but I'm assuming that there may be other testimony
11 about the Morrises not being present on certain election days,
12 and that following that testimony, there would be a need to
13 recall this witness in any event.  So rather than go through
14 this two times with the witness, we'll just save it, and you
15 can raise the issue later, when it comes up on rebuttal.  But
16 that's my anticipation at this time.

17 MR. BALDANI:  Thank you, Your Honor.

18 (Sidebar conference concluded.)

19 MR. SMITH:  No further questions.  Thank you.

20 * * *

                                                                          10

1                         C E R T I F I C A T E

2              I, LISA REED WIESMAN RDR-CRR, certify that the
      foregoing is a correct transcript from the record of
3     proceedings in the above-entitled case.

4

5     \s\ Lisa Reed Wiesman                  March 19, 2010
      LISA REED WIESMAN, RDR-CRR             Date of Certification
6     Official Court Reporter