UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | No. 6:9-CR-16-KKC-REW-1 |
| v. | ) ) ) | ORDER |
| RUSSELL CLETUS MARICLE, | ) ) | |
| Defendants. | ) | |

*** *** *** ***

    Defendant, Russell Cletus Maricle, by counsel, moves the Court to modify the conditions of his release. DE #1373 (Motion). Specifically, Maricle asks the Court to lift the condition of confinement with electronic monitoring. *Id.* In support of the motion, Maricle argues that he poses no risk of flight, as his assets would not allow him to serve as a fugitive and his significant health problems require regular medical care and continuity of providers. *Id.* Maricle also states that he had opportunity to flee after his release from federal prison in Texas following the Sixth Circuit's remand for retrial, but he did not do so, and instead immediately returned to the District and complied with all orders of the Court. *Id.* Further, Maricle notes that he was compliant with bond conditions during the prior pretrial period, and he argues that now that the witnesses have all testified, any subsequent attempt to influence them is rendered nearly moot. *Id.* Finally, Maricle states that he would generally agree to remain outside of Clay County while on pretrial release, except for medical treatment with his regular physicians and visits to his son's grave. *Id.*

    The Government opposes Maricle's motion. DE #1389 (Response in Opposition). The Government notes that, prior to the original trial in this matter, the District Judge determined that

1

home incarceration and electronic monitoring, among other conditions, were the least restrictive measures necessary to reasonably assure that Maricle would not attempt to obstruct justice or improperly contact or attempt to contact witnesses. *Id.*; *see* DE #215 (Memorandum Opinion & Order). The Government notes that the District Judge's determination was based in part on substantial evidence, some of which was presented at a March 23, 2009 detention hearing, of past actions in which Maricle demonstrated flagrant disregard for the integrity of the judicial process. DE #1389; *see also* DE ##66, 215. The Government argues that Maricle has cited no new evidence that would obviate the need for these conditions. DE #1389.

Having reviewed the parties' pleadings and the case history as to Maricle, the Court **DENIES** Defendant's motion to modify conditions of release (DE #1373). The restrictions previously imposed by the District Court were designed to reasonably assure that Defendant would not attempt to obstruct justice and improperly contact or attempt to intimidate witnesses. *See* DE #215 at 3. Risk of flight was not the Court's foremost concern. The Court is not persuaded by Maricle's argument that the prior testimony of all witnesses renders any subsequent attempt to influence them nearly moot. As the Court has noted in recent Orders regarding the detention status of other Defendants in this matter, at this juncture, with the Sixth Circuit's remand for retrial, there is now, in many respects, greater reason for concern over systemic integrity. *See* DE ##1383, 1387. The case is set for retrial and the RICO conspiracy charge, the charge that drove the Guidelines for each case Defendant, remains in place. With the first trial completed, the full story is now in the record, which means that witnesses are identified, their testimony is known, and the most damaging or significant witnesses are not just discernible but apparent. The conditions of Maricle's release previously imposed by the Court

remain necessary to reasonably assure that Maricle will not pose a danger by obstructing or attempting to obstruct justice or engage in improper witness contact.

The Court notes, however, that the home incarceration condition permits Maricle to leave his residence for medical treatment, on a schedule approved in advance by the United States Probation Office ("USPO"). This includes medical treatment in Clay County. The Court also grants permission for Defendant reasonably to travel to Clay County to visit his son's grave, again on a schedule approved in advance by the USPO.

Defendant may seek review per 18 U.S.C. § 3145.

This the 3rd day of September, 2013.

Signed By:
Robert E. Wier  REW
United States Magistrate Judge