UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:09-CR-16-KKC                                    *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                            PLAINTIFF

V.                      RESPONSE TO JONES' AND THOMPSON'S
                          MOTIONS TO DISMISS COUNT ONE

FREDDY W. THOMPSON                                           DEFENDANT

\* \* \* \* \* \*

The United States of America, by counsel, submits the following Memorandum in response to the Motions to Dismiss Count One of the Superseding Indictment ("Motions") filed by defendants Charles Wayne Jones [DE 1418] and Freddy W. Thompson [DE 1372] (together, the "Defendants").

## ARGUMENT

### I. DEFENDANTS' CHALLENGE TO THE SUFFICIENCY OF THE GOVERNMENT'S EVIDENCE IS IMPROPER ON A MOTION TO DISMISS

Defendants' motions, which challenge the sufficiency of the United States' evidence to prove that the alleged enterprise's activities affected interstate commerce, are premature and therefore procedurally improper. In short, whether the enterprise in which Defendants participated affected interstate commerce is an essential element of the RICO offense charged in Count One, and as such should be decided by the jury. Accordingly, resolution of this question must await trial of the general issue and is not cognizable as a Rule 12(b) motion to dismiss.[1]

---

[1] Notably, Judge Reeves denied Rule 12(b) motions substantially similar to the instant motions prior to the first trial on this same ground. *See* Memorandum Opinion and Order dated Sept. 11, 2009 [DE 489]. In his Opinion and Order, Judge Reeves noted that the question presented by the motions "is a factual issue that cannot properly be

1

Rule 12(b) permits pretrial consideration of only those defenses "that the court can determine without a trial of the general issue." FED. R. CRIM. P. 12(b)(2). "Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability." *United States v. Driscoll*, No. 1:05-CR-103, 2006 WL 335520, at *1 (E.D. Tenn. Feb. 13, 2006) (citing *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997)). Although at the pretrial stage the court "may review the legal sufficiency of the indictment, it may not . . . review the sufficiency of the proof that will be offered in support of the indictment's allegations." *United States v. Kelley*, No. 1:08-CR-51, 2008 WL 5517559, at *5 (E.D. Tenn. Oct. 24, 2008). This is to ensure that the court does "not invade the province of the ultimate factfinder." *Craft*, 105 F.3d at 1126.

Keeping with these principles, it is well established that during pretrial proceedings, a defendant may not properly challenge an indictment on the ground that it is not supported by sufficient evidence. *Universal Milk Bottle Serv. v. United States*, 188 F.2d 959, 962 (6th Cir. 1951); *see also, e.g.*, *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987) ("a pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue") (superseded by statute on other grounds); *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) ("a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence . . . dismissals may not be predicated upon the insufficiency of the evidence"); *United States v. Mata-Lara*, 527 F. Supp. 2d 887, 892 (N.D. Iowa 2007) ("It is settled that 'there is no authority under Rule 12 to dismiss on the basis of a sufficiency-of-the-evidence defense . . . .'") (quoting *United States v. Brown*, 481 F.2d 1035,

---

resolved on a pretrial motion to dismiss." *Id.* at 3; *see also id.* at 2 ("the issue of the [enterprise's] effect on interstate commerce, and the extent of any such effect, is irrelevant for purposes of a pretrial motion to dismiss").

1041 (8th Cir. 1973)) (alterations omitted); *cf. United States v. Williams*, 504 U.S. 36, 54 (1992) (an indictment may not be dismissed on the ground that it is based on inadequate or insufficient evidence before the grand jury).

Hence, "[w]here a defendant's pretrial motion to dismiss requires the court to find facts that make up the elements of the case, a determination which would normally be reserved to the jury at trial, the motion to dismiss should be denied . . . ." *Driscoll*, 2006 WL 335520, at *1. In other words, "a motion to dismiss should be denied if it requires a pretrial test of the government's evidence." *United States v. Jones*, No. 1:05-CR-132, 2006 WL 399234, at *1 (E.D. Tenn. Feb. 16, 2006).

Here, Defendants are pressing for exactly this type of "pretrial test" of the government's evidence. They contend that the United States does not have sufficient evidence to prove that the activities of their enterprise affected interstate commerce – an essential element of a RICO offense. But, as the authorities cited above make abundantly clear, this factual defense is inappropriate on a pretrial motion to dismiss – it goes to a material element of the charged offense and therefore falls within the province of the ultimate factfinder and must be deferred. *See, e.g.*, *Driscoll*, 2006 WL 335520, at *1-3; *see also United States v. Nukida*, 8 F.3d 665, 672 (9th Cir. 1993) ("Inasmuch as [defendant's] arguments . . . challenged the government's ability to prove that her actions affected commerce, her motion to dismiss amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense . . . .").

Defendants' invitation that the Court review the record from the first trial to decide their motions is therefore inappropriate. "A motion to dismiss is limited to the four corners of the indictment. . . . A motion to dismiss is not a device for a summary trial of the evidence." *United*

*States v. Keller*, No. 09-CR-20113, 2009 WL 2475454, at *4 (E.D. Mich. Aug. 11, 2009). Rather, "[t]he government is entitled to marshal and present its evidence at trial," *DeLaurentis*, 230 F.3d at 661, including possibly additional evidence at the renewed trial in this matter. The evidentiary record is not closed or otherwise confined to the first trial record as Defendants imply, and the court "simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be." *Id.*

Moreover, that the interstate commerce nexus element of RICO is referred to as "jurisdictional" does not make Defendants' motions otherwise appropriate for decision at this juncture. The Court of Appeals for the Sixth Circuit has explained that this element "does not affect subject matter jurisdiction . . . . Rather, a claim of an insufficient connection to interstate commerce is a challenge to one of the elements of the government's case and is therefore considered a claim about the sufficiency of the evidence." *United States v. Riddle*, 249 F.3d 529, 536 (6th Cir. 2001); *see also United States v. Degan*, 229 F.3d 553, 556 (6th Cir. 2000) (same). Such a claim is therefore resolved at trial. *Cf. Keller*, 2009 WL 2475454, at *4 ("Where a jurisdictional issue is intertwined with issues going to the merits of the case, the matter should be resolved at trial.").

**II. SHOULD THE COURT CONSIDER THE ISSUE, THE GOVERNMENT'S EVIDENCE DEMONSTRATES THAT THE ENTERPRISE'S ACTIVITIES AFFECTED INTERSTATE COMMERCE**

As established above, Defendants' challenge to the sufficiency of the United States' evidence to prove the enterprise's connection to interstate commerce is not properly before the Court on their motions to dismiss, and therefore should not be considered at this juncture. Regardless, even on their merits, Defendants' motions should be denied.

RICO requires that the activities of the alleged enterprise affect interstate or foreign commerce. 18 U.S.C. § 1962(c). In the Sixth Circuit, the degree or magnitude of the effect on interstate commerce necessary to satisfy this requirement depends on whether the enterprise itself engaged in "economic activity." *Waucaush v. United States*, 380 F.3d 251, 256-57 (6th Cir. 2004). Where the enterprise engaged in such economic activity, the government need only show a *de minimis* effect on interstate commerce. *Id.* But, where the enterprise's activities are non-economic, a substantial effect must be shown. *Id.*

Here, the enterprise – the Clay County Board of Elections (the "Board") – clearly engaged in economic activity. While the statutorily-authorized activities of the Board as emphasized by Defendants may not be economic in nature,[2] the actual activities of the Board members and their confederates in the enterprise were quintessentially economic. Board members and other public officials associated with the enterprise abused their positions by, *inter alia*, buying votes. Vote-buying is unquestionably an economic activity: it involves the exchange of cash in return for something of value – the essence of an economic transaction. *See generally United States v. McHenry*, 97 F.3d 125, 136 n.12 (6th Cir. 1996) (Batchelder, dissenting) (discussing meaning of "commercial" and "economic" activity and noting that "commerce" involves "the notion of 'exchange,' *i.e.*, 'the trading, bartering or swapping of one thing for something of roughly equivalent value'"); *see also, e.g.*, *United States v. Hooks*, No. 05-20329, 2005 WL 3370549, at *4 (W.D. Tenn. Dec. 12, 2005) ("taking of money . . . in exchange for specific promises to do or refrain from doing specific things" is an "economic activity"); *cf. Waucaush*, 380 F.3d at 255-56 (referring to extortion as an economic activity). What is more, members of the enterprise engaged in this vote-buying scheme in order get

---

[2] Under Kentucky Revised Statute § 117.035, the county board of elections "shall . . . administer the election laws and the registration and purgation of voters within the county."

5

themselves elected to positions so that they could draw salaries from the County. For example, in 2002, Mr. Thompson was elected to County Clerk after members of the enterprise paid for votes in that election. Over the course of his tenure, Mr. Thompson earned over $500,000 in salary and other benefits. This highlights the economic nature of the enterprise.

Because the Board engaged in economic activity, the United States need only show a *de minimis* effect on interstate commerce. But even if the more stringent "substantial effect" standard were applied (which the United States submits is inappropriate), the United States' proof sufficiently establishes the requisite effect on interstate commerce. Put another way, regardless of which standard is applied, RICO's interstate commerce element is satisfied by the following:

The Board engaged in conduct that affected the outcome of federal and state elections. There is evidence to support that those officials elected by the enterprise were responsible in their elected positions to decide how funds – including federal funds – would be distributed. Moreover, there is evidence that the scheme involved control over the award of certain public works contracts by the City of Manchester and Clay County that were partially funded by federal grant money, including PRIDE grants and USDA Rural Development grants. For example, B and J Transport, Inc., owned and operated by enterprise members William B. Morris and Debra L. Morris, and B and B Construction, owned and operated by enterprise member Stanley Bowling, each allegedly profited from such contracts and maintained control of these contracts by their participation in the enterprise. The distribution and use of federal funds by the enterprise and its associates had an effect on interstate commerce.

Further, the enterprise used the instrumentalities of interstate commerce in the conduct of its affairs. For example, the United States Mail was used to mail certified election results to the

State Board of Elections. There is also evidence that members of the enterprise used telephones and mobile phones to communicate with each other and used the Internet while conducting the enterprise's affairs. *See United States v. Pipkins*, 378 F.3d 1281, 1295 (11th Cir. 2004) (judgment vacated on other grounds) (telephones and Internet are instrumentalities of interstate commerce).

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that the Motions to Dismiss Count One of the Superseding Indictment filed by Charles Wayne Jones [DE 1418] and Freddy W. Thompson [DE 1372] should be denied.

                                  Respectfully submitted,

                                  KERRY B. HARVEY
                                UNITED STATES ATTORNEY

BY:    /s/ Jason D. Parman
           Assistant United States Attorney
           601 Meyers Baker Road, Suite 200
           London, KY 40741
           Tel: (606) 864-5523
           Jason.Parman@usdoj.gov

           /s/ Andrew T. Boone
           Assistant United States Attorney
           260 W. Vine Street, Suite 300
           Lexington, KY 40507
           (859) 685-4800
           Andrew.Boone2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

/s/Andrew Boone
Assistant United States Attorney