**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

CRIMINAL NO. 6:09-CR-16-KKC                                    *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.                              **RESPONSE TO DEFENDANT ADAMS'
                                       MOTION TO DISMISS**

DOUGLAS C. ADAMS                                                                  DEFENDANT

\* \* \* \* \* \*

The United States hereby respectfully asks the Court to deny Defendant Adams' motion to dismiss (DE 1410) for the reasons stated below.

**ARGUMENT**

**I.  Adams' Commerce Clause Argument**

As an initial challenge to his prosecution under Count One, Adams adopts the arguments put forth in the Motion to Dismiss Count One filed by Defendant Freddy Thompson (DE 1372). Thompson contends that the enterprise – the Clay County Board of Elections – did not affect interstate commerce, and therefore cannot satisfy the element of RICO that requires such proof. Thompson's arguments (and, by incorporation, Adams' arguments) on this point are, in the first instance, premature, and, in any event, lack merit, as detailed in the United States' response to Thompson's motion.  That response (DE 1439) is being filed concurrently herewith and is incorporated as though set forth fully herein.

In addition, Adams wrongly argues that the Superseding Indictment is defective because it does not allege that the Clay County Board of Elections had a "substantial" effect on interstate commerce.  The indictment does not need to allege this because it is not an element of the offense.  Adams' argument alludes to the Sixth Circuit's decision in *Waucaush v. United States*,

380 F.3d 251 (6th Cir. 2004), which held that a RICO violation involving an enterprise engaged solely in non-economic activity must be established with proof that the enterprise had a substantial effect on interstate commerce. *See id.* at 256-57.[1] *Waucaush* established the Sixth Circuit standard by which the government must prove an interstate nexus at trial; it did not add an element to the RICO offense itself. Count One alleges that the Clay County Board of Elections both engaged in and affected interstate commerce. This allegation tracks the language of the RICO statute and is sufficient in advance of trial.

## II.   Adams' Duplicity Argument

Adams also renews his motion to dismiss Count One on duplicity grounds, claiming that the indictment alleges multiple conspiracies in a single count. Prior to the original trial, Judge Reeves denied Adams' motion to dismiss based on this same ground. (DE 484.) On appeal, Adams *conceded* that the indictment alleged a single conspiracy, but argued that the government's proof impermissibly varied from the single conspiracy charged. The Sixth Circuit squarely rejected Adams' argument, holding that the evidence supported the indictment's allegation and the jury's finding of a single conspiracy. *See United States v. Adams*, 722 F.3d 788, 807 (6th Cir. 2013).

Nevertheless, Adams now renews his multiple conspiracies argument, which he based on the point that certain of his co-conspirators were from opposing political parties. Adams' point is true, but actually supports the theory behind this prosecution. As the government stated in its initial response to this argument (DE 450), the indictment alleges a single conspiracy. The indictment alleges that each defendant participated in the affairs of a racketeering enterprise—the Clay County Board of Elections—in order to control the political power structure within Clay

---

[1] As discussed in the United States' concurrently-filed response to Thompson's Motion to Dismiss Count One, *Waucaush* also held that the government needs only show a *de minimis* effect on interstate commerce where the enterprise is engaged in economic activity. *See* 380 F.3d at 256-57. The government will prove at trial that the members of the RICO enterprise in this case were engaged in economic activity, and that the *de minimis* standard is the proper measure of the government's evidence.

County.  To be successful, the enterprise was required, by its very nature, to have operatives on both sides of the political fence.   In order to control precinct elections, both Republican and Democrat operatives were required to effectuate unlawful voting schemes.  The Sixth Circuit recognized this when it rejected the Adams' variance argument:

> In accord with their agreement to control the Clay County Board of Elections for their own personal benefit, conspiring election officers from both factions had to turn a blind eye to rampant vote buying. Furthermore, the record shows that defendants' vote-buying scheme was not as simple as us-versus-them or Republicans–versus–Democrats. As is the case with politics, defendants' allegiances to one another were not drawn on clear lines, and their own self-interest led to seemingly strange alliances. The nature of defendants' vote-buying scheme highlights how individuals working for competing slates simultaneously could have agreed to a broader common goal of personal benefit.

*Adams*, 722 F.3d at 807.  Thus, in this manner, members of different political parties operated as part of a single conspiracy and worked together to control political affairs within the county, all for the enrichment of themselves and their confederates.

Regardless, the alleged existence of multiple conspiracies remains, ultimately, a factual issue to be resolved by the jury under proper instructions.  *See United States v. Segines*, 17 F.3d 847, 856 (6th Cir. 1994); *United States v. Grunsfeld*, 558 F.2d 1231, 1238 (6th Cir. 1977).  For this reason, Adams' motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Adams' motion to dismiss should be denied.

    Respectfully submitted,

    KERRY B. HARVEY
    UNITED STATES ATTORNEY

BY:    /s/ Jason D. Parman
Assistant United States Attorney
601 Meyers Baker Road, Suite 200
London, KY 40741
Tel: (606) 864-5523
Jason.Parman@usdoj.gov

/s/ Andrew T. Boone
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, KY 40507
(859) 685-4800
Andrew.Boone2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

/s/Andrew Boone
Assistant United States Attorney