**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

CRIMINAL NO. 6:09-CR-16-KKC                             *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                      **RESPONSE TO THOMPSON'S MOTION
                         TO DISMISS COUNT NINE**

FREDDY W. THOMPSON                                                          DEFENDANT

\* \* \* \* \* \*

Defendant Thompson's motion to dismiss Count Nine should be denied because the indictment alleges with sufficient specificity that Thompson obstructed justice during his July 12, 2007 grand jury testimony and because Thompson has had ample notice of and opportunity to defend against this charge. Thompson's motion largely incorporates by reference his previous motion (DE 365), which Judge Reeves denied. (DE 485.) Thus, the United States hereby incorporates its response (DE 439) to Thompson's original motion as though that response were set forth fully herein.

**ARGUMENT**

Count Nine of the Superseding Indictment tracks the language of 18 U.S.C. § 1503, provides the date and location of Thompson's obstruction of justice, and specifies that Thompson obstructed justice by testifying falsely. Thus, Count Nine both: (1) contains the elements of the offense charged and fairly informs Thompson of the charge against which he must defend; and (2) enables Thompson to plead double jeopardy to bar future prosecutions for the same offense. No more is required of the indictment. *See United States v. Monus*, 128 F.3d 376, 388 (6th Cir. 1997);

*United States v. Schwimmer*, 649 F. Supp. 544, 547 (E.D.N.Y. 1986) (indictment for § 1503 violation sufficient where it charged time, place, and essential elements of crime).

As Thompson recognizes in his renewed motion (Record No. 1404 at 3), his argument rests primarily on cases arising under 18 U.S.C. § 1621 (perjury) and 18 U.S.C. § 1623 (false declarations before a grand jury).   Courts have held charges under these statutes to a higher specificity standard due to the materiality and falsity elements involved.   *See, e.g., United States v. Tonelli*, 577 F.2d 194, 196 (3d Cir. 1978) (elements of materiality and falsity mandate specificity in perjury indictments).   These elements are not present in a prosecution under § 1503.   *See United States v. Friedland*, 660 F.2d 919, 930 (3d Cir. 1981).   For that reason, the specificity standard imposed by these perjury cases is inapplicable.   *See id.; see also Schwimmer*, 649 F. Supp. at 547.   Thompson nonetheless argues that a general notion of due process requires the same level of specificity under § 1503.   It is widely held, however, that an indictment is sufficient under the Due Process Clause where it sets out the elements of the charged offense, gives notice to the defendant of the charges he faces, and enables the defendant to plead double jeopardy in a subsequent proceeding.   *See, e.g., United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992).   Count Nine does all of these things and, thus, is sufficient.

In any event, Thompson's renewed motion itself proves that Thompson has sufficient notice to defend against the charge.   Thompson has already been present at one trial, at which the government presented its evidence that Thompson obstructed justice by testifying falsely at the time and place charged in Count Nine.   Thompson heard detailed evidence and argument—some of which is cited in his motion—about the specific subjects of his false testimony.   Thompson thus has received greater than adequate notice of the obstruction charge. He cannot now reasonably claim prejudice at the prospect of having to defend against the same charge again.

## CONCLUSION

For the foregoing reasons, Defendant Thompson's motion to dismiss Count Nine should be denied.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

BY:   /s/ Jason D. Parman
Assistant United States Attorney
601 Meyers Baker Road, Suite 200
London, KY 40741
Tel: (606) 864-5523
Jason.Parman@usdoj.gov

/s/ Andrew T. Boone
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, KY 40507
(859) 685-4800
Andrew.Boone2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

/s/Andrew Boone
Assistant United States Attorney