UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:09-CR-16-KKC                              *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                            RESPONSE TO DEFENDANT ADAMS'
                                    <u>MOTION TO SEVER</u>

DOUGLAS C. ADAMS                                                      DEFENDANT

* * * * * *

The United States hereby respectfully asks the Court to deny Defendant Adams' motion for severance (DE 1411), because Adams has cited no potential prejudice that would warrant a severance.

<u>ARGUMENT</u>

**I. Adams' Motion to Sever his Trial**

Adams first asks the Court to grant him a separate trial from his co-defendants. He does not argue misjoinder, but rather claims that a joint trial would be unduly prejudicial because of: (1) evidence that his co-defendants obstructed justice; (2) evidence that his co-defendants stole votes; (3) evidence of conversations recorded between his co-defendants and co-conspirators cooperating with the government; and (4) potential Rule 404(b) evidence involving his co-defendants. None of these contentions rise to the level of the "compelling, specific, and actual prejudice," *United States v. Driver*, 535 F.3d 424, 427-428 (6th Cir. 2008), required to grant Adams a severance from his co-defendants.

The Superseding Indictment alleges that Adams conspired with numerous individuals to use the machinery of the Clay County Board of Elections to hijack elections and thereby corrupt

all levels of the Clay County government for personal enrichment. Adams' motion complains of evidence that will prove his co-conspirators systematically bribed voters, stole votes, and obstructed justice, all in furtherance of the conspiracy. Although Adams' co-defendants participated in many of these events more directly than Adams, that does not justify a severance. Severance is not required where "some evidence is admissible against some defendants and not others" or "the proof is greater against a co-defendant." *United States v. Warner,* 971 F.2d 1189, 1196 (6th Cir. 1992). Likewise, there is no need for severance simply because the defendant "would have a better chance of acquittal in a separate trial." *United States v. Underwood*, Nos. 95-5441 & 95-5442, 1996 WL 536796, at *11 (6th Cir. Sept. 20, 1996). These are exactly the types of alleged prejudice that underscore Adams' motion.

Furthermore, several of Adams' claims are too premature or vague to warrant severance. For example, he claims that "[t]he recorded conversations are not in furtherance of any conspiracy in which Adams is a participant . . . ." (DE 1411 at 3.) That will be a matter for the Court when it rules on the admissibility of the conversations.[1] Likewise, Adams points out that evidence will potentially be admitted against his co-defendants under Fed. R. Evid. 404(b). These nonspecific assertions of prejudice are insufficient to support a motion for severance. *See United States v. Smith*, 138 F. App'x 775, 781 (6th Cir. 2005).

Rules 8(b) and 14 are designed to promote judicial economy and efficiency, and to avoid a multiplicity of trials. *Bruton v. United States*, 391 U.S. 123, 131 (1968). Thus, "[a]s a general rule, persons jointly indicted should be tried together." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987). Adams has offered no reason to depart from this general rule.

---

[1] Judge Reeves previously concluded that the recordings in question were admissible against Adams pursuant to Fed. R. Evid. 801(d)(2)(E). (DE 691.)

**II.     Adams' Motion to Sever Counts 8, 9 & 10 and Exclude Evidence at Joint Trial**

Adams' alternative request to sever Counts 8, 9, and 10 should also be denied.[2] Separate counts joined together in an indictment should be tried together when the joined counts are logically related and there is a large area of overlapping proof. *See United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983). This serves the overall purposes of joinder by ensuring that a given transaction needs only to be proven once. *See United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987). Thus, in conspiracy cases, the general rule "is that persons jointly indicted should be tried together," *United States v. Hessling*, 845 F.2d 617, 619 (6th Cir. 1988), particularly where the offenses charged result from the same series of acts and where the same evidence suffices to establish the guilt of all defendants. *See id*.

Here, Adams seeks the severance of three counts that are interrelated with the RICO conspiracy charged in Count 1. Count 8 charges two of Adams' co-defendants with obstructing justice during a federal grand jury investigation. Count 9 charges another of Adams' co-defendants with obstructing justice during the grand jury investigation. Each of these acts of obstruction is a predicate act of the RICO charge in Count 1. The government's evidence of this conduct will prove not only that the co-defendants engaged in the obstruction of justice, but also that Adams' cohorts participated in a pattern of racketeering activity to achieve the objectives of the overall RICO conspiracy. Thus, the counts are properly joined, *see United States v. Irizarry*, 341 F.3d 273, 289-90 (3rd Cir. 2003) (RICO conspiracy properly joined with substantive crimes that are also reflected as predicate acts), and are properly tried together, *see United States v. Eufrasio*, 935 F.2d 553, 571 (3rd Cir. 1991) (Rule 14 severance not necessary in RICO trial

---

[2] Adams also asks the Court to exclude certain evidence, including the recorded conversations between cooperating witnesses and Adams' co-defendants. As stated above, this request is premature in the context of a motion for severance. The government has only recently designated the excerpts of the recorded conversations that it intends to use at trial and has not yet received any objections responsive to those specific disclosures. Thus, in this response, the government will address only Adams' request to sever Counts 8, 9, and 10.

where evidence supporting extortion and gambling charges would also be needed to establish RICO predicates).

Similarly, Count 10 charges four of Adams' co-defendants with conspiring to violate voters' civil rights, by misleading voters about the operation of voting machines and thereafter changing their votes without authorization. Count 10 alleges that these actions were done in order to secure the election of the candidates supported by the four co-defendants and their other co-conspirators. As alleged in Count 1, these co-conspirators included Adams. Thus, as with Counts 8 and 9, the government's evidence of this conduct will prove the existence, scope, and purposes of a conspiracy in which Adams participated. Count 10 is properly joined for trial with the RICO conspiracy. *See United States v. Bryant*, 364 F. 2d 598, 603 (6th Cir.1966) ("Where codefendants are charged with separate substantive offenses, the substantive counts are not misjoined where the conspiracy count, the connecting link of the substantive counts, is proved."). Adams points to no prejudice that would warrant a severance of this count—particularly in light of the presumption that juries are capable of considering each count and each defendant separately. *See Swift*, 809 F.2d at 322-323; *Eufrasio*, 935 F.2d at 571.

## CONCLUSION

No grounds have been established that would justify severance under Fed. R. Crim. P. 14. Defendant Adams is a primary actor in the racketeering enterprise, and should be tried together with the remaining defendants. A joint trial serves the goals of judicial economy and efficiency, while avoiding multiple trials. Adams' motion should be denied.

    Respectfully submitted,

    KERRY B. HARVEY
    UNITED STATES ATTORNEY

BY:   /s/ Jason D. Parman
      Assistant United States Attorney
      601 Meyers Baker Road, Suite 200
      London, KY 40741
      Tel: (606) 864-5523
      Jason.Parman@usdoj.gov

      /s/ Andrew T. Boone
      Assistant United States Attorney
      260 W. Vine Street, Suite 300
      Lexington, KY 40507
      (859) 685-4800
      Andrew.Boone2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send notice of filing to counsel of record.

      /s/ Andrew T. Boone
      Assistant United States Attorney