UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:09-CR-16-KKC                                              *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                     **RESPONSE TO DEFENDANT THOMPSON'S
                                     MOTION TO SEVER**

FREDDY W. THOMPSON                                                                          DEFENDANT

\* \* \* \* \* \*

The United States hereby respectfully asks the Court to deny Defendant Thompson's motion for severance (DE 1367), because Thompson has cited no potential prejudice that would warrant a severance.

## ARGUMENT

Thompson asks the Court to grant him a separate trial from his co-defendants. He does not argue misjoinder, but instead argues that a joint trial would be unduly prejudicial because of: (1) his claimed lower level of culpability in relation to his co-defendants and the overall complexity of the case; and (2) the admission of evidence of conversations recorded between his co-defendants and co-conspirators cooperating with the government. Neither these issues rises to the level of the "compelling, specific, and actual prejudice," *United States v. Driver*, 535 F.3d 424, 427-28 (6th Cir. 2008), required to grant Thompson a severance from his co-defendants.

*First,* Thompson lays claim to a lower level of culpability than his co-defendants and argues that the complexity of the case necessitates severance. His motion understates the nature of the government's allegations against him. The Superseding Indictment alleges that Thompson

1

conspired with numerous individuals to use the machinery of the Clay County Board of Elections to hijack elections and thereby corrupt all levels of the Clay County government for personal enrichment.  Thompson was central to this racketeering enterprise.  Members of this conspiracy systematically bribed Clay County voters in 2002 and ensured Thompson's election as County Clerk, a member of the Board of Elections with the authority and responsibility to certify the accuracy of election results.  After assuming this position, Thompson certified the results of elections in 2004 and 2006 that he knew to be the product of voter bribery.[1]  Beyond that, the superseding indictment alleges that Thompson furthered the racketeering enterprise by teaching election officers how to change votes at election machines and by obstructing justice to conceal his role in the conspiracy.  To put it simply, Thompson had a hand in virtually every aspect of the racketeering conspiracy between 2002 and 2007.  His role certainly is not minor and his degree of culpability militates against severance, not for it.

     No aspect of this case is so complex that it would override a jury's ability to appropriately determine Thompson's culpability.  When Thompson raised this very argument prior to the first trial, Judge Wier determined that it did not warrant a severance, aptly concluding: "[t]hough complicated, this is a manageable case, with only eight defendants, thirteen counts, and a finite trial length assured to be well-policed by the trial judge."  (DE 504 at 7-8.)  Now, the case is even more manageable, with five remaining defendants and five remaining counts (plus a forfeiture allegation).  Thompson maintains that "spillover" evidence could nonetheless taint the jury's deliberations as to his culpability, but that possibility is

---

[1] Thompson notes that this conduct can no longer be the basis of an honest services mail fraud charge under the Supreme Court's ruling in *Skilling v. United States*, 130 S. Ct. 2896 (2010).  Thompson wrongly argues that this change in law diminishes his overall culpability in the racketeering enterprise.  Although Thompson's actions are no longer legally cognizable as independent mail fraud charges, the fact remains that they were necessary components of the defendants' conspiracy.

2

tempered by this: Thompson is charged in all but one of the five remaining counts. Furthermore, there is even less possibility of "spillover" in the upcoming trial because, as Thompson concedes in his motion, much of the other crimes and background evidence admitted at the first trial will not see the inside of the courtroom in light of the Sixth Circuit's opinion. In any event, evidence relating to the single count in which Thompson is not named and any other evidence admitted solely as to other defendants can be addressed through appropriate jury instructions. *See, e.g., United States v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002) ("a jury is presumed capable of considering each count separately, and any prejudice may be cured by limiting instructions") (internal citation omitted); *United States v. Eufrasio*, 935 F.2d 553, 571 (3rd Cir. 1991) (approving joinder of RICO and non-RICO predicate crimes over Rule 14 challenge and holding that "jury could reasonably be expected to confine its consideration" per instructions).

Thus, Thompson is left to argue only that the evidence will show that he is less culpable than his co-defendants. Thompson can disagree with the United States about the strength of the evidence against him, but his argument does not justify a severance. Severance is not warranted where "some evidence is admissible against some defendants and not others" or "the proof is greater against a co-defendant." *United States v. Warner,* 971 F.2d 1189, 1196 (6th Cir. 1992). Likewise, there is no need for severance simply because the defendant "would have a better chance of acquittal in a separate trial." *United States v. Underwood*, Nos. 95-5441 & 95-5442, 1996 WL 536796, at *11 (6th Cir. Sept. 20, 1996). This is the exact alleged prejudice Thompson claims in his motion.

*Second,* Thompson claims that the admission of recorded conversations between cooperating witnesses and various members of the conspiracy (including Thompson himself)

3

will violate his rights under the Confrontation Clause.  Thompson's argument presumes that these recorded conversations will not be admissible as non-hearsay co-conspirator admissions, under Fed. R. Evid. 801(d)(2)(E).[2]  Ultimately, that question will be a matter for the Court.  Should the Court determine that the recordings are so admissible, then by necessary implication, use of the recordings at trial will not implicate *Bruton* and *Crawford*.  See *Giles v. California*, 554 U.S. 353, 374 n.6 (2008).  Thus, Thompson's argument is premature as a basis for severance.[3]

Rules 8(b) and 14 are designed to promote judicial economy and efficiency, and to avoid a multiplicity of trials.  *Bruton v. United States*, 391 U.S. at 131.  Thus, "[a]s a general rule, persons jointly indicted should be tried together."  *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987).  Thompson has offered no reason to depart from this general rule.

## CONCLUSION

No grounds have been established that would justify severance under Fed. R. Crim. P. 14.  Defendant Thompson is a primary actor in the racketeering enterprise, and should be tried together with the remaining defendants.  A joint trial serves the goals of judicial economy and efficiency, while avoiding multiple trials.  Thompson's motion should be denied.

---

[2] Judge Reeves previously concluded that the recordings in question were admissible against Thompson pursuant to Fed. R. Evid. 801(d)(2)(E).  (DE 691.)

[3] In the alternative, Thompson asks the Court to exclude evidence of these recorded conversations.  As stated above, this request is premature in the context of a motion for severance.  The government has only recently designated the excerpts of the recorded conversations that it intends to use at trial and has not yet received any objections responsive to those specific disclosures.  Thus, in this response, the government will address only Thompson's severance request.

        Respectfully submitted,

        KERRY B. HARVEY
        UNITED STATES ATTORNEY

BY:   /s/ Jason D. Parman
        Assistant United States Attorney
        601 Meyers Baker Road, Suite 200
        London, KY 40741
        Tel: (606) 864-5523
        Jason.Parman@usdoj.gov

        /s/ Andrew T. Boone
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, KY 40507
        (859) 685-4800
        Andrew.Boone2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

        /s/Andrew Boone
        Assistant United States Attorney