UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

CASE NO. 09-CR-00016-KKC                                ELECTRONICALLY FILED

UNITED STATES OF AMERICA,                                              PLAINTIFF,


VS.                                REPLY TO RESPONSE


RUSSELL CLETUS MARICLE,                                                DEFENDANT.


\*\* \*\* \*\*

Comes now the Defendant, Russell Cletus Maricle, by counsel, and for his Reply to the government's Response to his Motion to Dismiss Count One, states as follows:

To say that this is not an "election case" is to ignore almost the entirety of the government's evidence that survived scrutiny by the Sixth Circuit. Indeed, the government presented a convincing case that the White family, led by Daugh White, his son Kennon White, and Kennon's wife Wanda White participated in a vote-buying conspiracy with the aim of lining their pockets through corrupt administration of the city of Manchester and extortion by Kennon White. In seeking to turn that into a RICO prosecution, the government impermissibly violates the constitutional principle of state sovereignty.

The government misunderstands this argument by claiming that *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) and *Gregory v. Ashcroft*, 501 U.S. 452 (1991) are not on point because they do not deal with elections but with other attributes of state sovereignty. But sovereignty is sovereignty. Each of the essential attributes stands on elevated constitutional

ground. At a minimum, those attributes include sovereign immunity, qualifications of state officials, and control over elections. Sovereign immunity and the States' powers over elections are not founded on different principles of federalism. Instead they are different attributes of state sovereignty that existed prior to the ratification of the Constitution. The Interstate Commerce Clause cannot alter either sovereign immunity or the States' power over elections.

The holding of *James v. Bowman*, that "Congress has no power to punish bribery at all elections," is unchallenged by the government. It cites the case *United States v. Foote,* 42 F. Supp. 717, 719 (D.Del. 1942 ), among others, for the authority of Congress to enact legislation to punish bribery of voters where a federal election is on the ballot in order to protect the integrity of the election, but the federal statutes that were pertinent in those cases were passed pursuant to the Elections Clause or the Fourteenth and Fifteenth Amendments. *Foote* recognized *James v. Bowman* as controlling authority.

If an enactment of Congress undermines the structure of the government or compromises an essential attribute of state sovereignty it is duty of the Court to declare the same unconstitutional because it is not consistent with the letter and the spirit of the law. *Nat'l Fed'n of Indep. Bus. V. Sebelius,* _____ U.S._____, 132 S.Ct. 2566, 2592 (2012) (holding that the individual mandate's constitutionality could not by upheld under the interstate commerce clause and the necessary and proper clause). It matters not whether we characterize this as an election case or as a racketeering case. The constitutional principles remain a constant.

The history of the Eleventh Amendment negates the differentiation argued by the United States between eleventh amendment immunity and the powers reserves to the states under the Tenth Amendment. In *Chisholm v. Georgia,* 2 Dall. 419 (1793) the Supreme Court held that a

State was liable to be sued by a citizen of another State or a foreign country. "That decision . . . created such a shock of surprise throughout the country that, at the first meeting of Congress thereafter [March 4, 1795] the Eleventh Amendment to the Constitution was almost unanimously propose, and was in due course adopted by the legislatures of the states [February 7, 1795]. " *Hans v. Louisiana*, 134 U.S. 1 (1890).

The language of the Eleventh Amendment is: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment did not create sovereign immunity but rather is a "rule of construction." "This amendment expressing the will of the ultimate sovereignty by the whole country, superior to all legislatures and all courts actually reversed the decision of the Supreme Court. It did not in terms prohibit suits by individuals against the States, but declared the Constitution should not be construed to import any power to authorize the bringing of such suits." *Hans* at page 11. Sovereign immunity was recognized as existing independent of the Eleventh Amendment, and the Eleventh Amendment prohibits any Court from construing otherwise.

In *Alden v. Maine*, 527 U.S. 706, 713 (1999), Justice Kennedy explained: "We have, as a result, sometimes referred to the States' immunity from suit as 'Eleventh Amendment immunity.' The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which

they retain today (either literally or by virtue of their admission into the Union upon equal footing with the other States) except as altered by the plan of the Convention or certain constitutional Amendments."

In its response, the United States cites a number of cases dealing with RICO, state offenses and the Tenth Amendment; however, not a single one of its authorities deals with elections or addresses the issue of circumvention of an attribute of sovereignty with the power of Congress to regulate interstate commerce. The predicate offenses which were the subject matter of these cases were the traditional police power enactments not involving attributes of sovereignty. While there is no clause in the Constitution which provides for possession of medical marijuana, the Elections Clause expressly limits the federal government's role in this arena.

Recognizing serious problems of federalism and separation of powers, the Fourth Circuit dismissed a civil RICO action based on irregularities in the 1980 general election. *Hutchinson v. Miller*, 797 F.2d 1279 (4th Cir. 1986). The Court wrote as follows:

> "We note initially that the constitution anticipates that the electoral process is to be largely controlled by the states and reviewed by the legislature. This control reaches elections for federal and state office. Article I Sec. 4, Cl. 1 grants to the States the power to prescribe, subject to Congressional preemption the 'Times, Places and Manner of holding Elections for Senators and Representatives. In addition, States undoubtedly retain primary authority to regulate the elections of their own officials.' *Oregon v. Mitchell*, 400 U.S. 112, 125, 27 LED 2d 272, 91 S.Ct. 160 (1970) (Opinion of Black, J.)" *Hutchinson v. Miller* at 1283.

The "constitution does not contemplate that the federal judiciary routinely will pass judgment on particular elections for federal, state, or local office." *Hutchinson* at 1280. "The express delegation to Congress and the states of shared responsibility for the legitimation of electoral

outcomes and the omission of any constitutional mandate for federal judicial intervention suggests the inadvisability of permitting a §1983 or civil RICO action to confer upon federal judges and juries 'a piece of the political action'." *Hutchinson* at 1284. n addressing the issue of damages sought by the plaintiff, the *Hutchinson* Court observed:

> "Thus, the plaintiffs in order to recover damages must perforce rely on the theory that defendants' alleged conspiracy cost them an election they otherwise would have won. In presenting their case plaintiffs would essentially ask a jury to review the outcome of the election. As explained above, however, the task is reserved for states and legislatures, and though the jury's review would not directly impair their primary responsibility to adjudge elections, its reexamination of election results would be inconsistent with proper respect for the role of others whose job it is to canvass the returns and declare a prevailing party. This intrusion, moreover, would not be limited to that of a jury, for the judiciary itself would doubtless be asked to review the jury's judgment of the election in post trial motions. Principles of separation of powers and federalism, therefore dictate that both jury and court avoid the inquiry." *Hutchinson* 1285-1286.

The government relies on *Gonzales v. Raich,* 545 U.S. 1 (2005), for its argument that the court must not excise vote-buying offenses from the broader class of bribery activity that RICO lawfully regulates. In so arguing, the government mistakenly equates the argument in *Raich* that "trivial, individual instances" of conduct should be exempt from permissible Commerce Clause regulation with Maricle's position, which is that the court must impose a restrictive reading of "bribery" under state law to save the constitutionality of the RICO statute. Maricle argues that this court must do precisely what the Supreme Court did in *Skilling v. United States*, 130 S.Ct. 2896, ____ U.S. ____ (2010) when it saved 18 U.S.C. §1346, the "honest services" mail fraud statute, by giving it a reading more restrictive than the government wanted.

Maricle respectfully requests that his Motion to Dismiss Count One of the superseding indictment be sustained.

        Respectfully Submitted,

        s/David S. Hoskins
        Attorney At Law
        107 East First Street
        P.O. Box 1185
        Corbin, KY 40702-1185
        Telephone: (606) 526-9009
        Facsimile: (606) 526-1021
        Email: hoskinslaw@bellsouth.net
        COUNSEL FOR DEFENDANT
        RUSSELL CLETUS MARICLE

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of September, 2013, I electronically filed this document using the CM/ECF system, which will send notice of filing to all counsel of record.

        s/David S. Hoskins
        COUNSEL FOR DEFENDANT
        RUSSELL CLETUS MARICLE