UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 6:09-16-KKC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| FREDDY THOMPSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Freddy Thompson's motion to dismiss the charge that he violated 18 U.S.C. § 1503 (DE 1404). For the following reasons, the Court will deny the motion.

The trial of Thompson and four codefendants is set to begin November 4, 2013. They are charged with various federal crimes, all of which are related to their alleged participation in a vote-buying and vote-stealing scheme in Clay County, Kentucky that lasted from 2002 to 2007 and encompassed three election cycles – 2002, 2004, and 2006.

This will be the second trial of these Defendants. Their first trial occurred before U.S. District Judge Danny Reeves. After seven weeks, the jury found all of the Defendants guilty of all counts. The Sixth Circuit vacated the Defendants' convictions finding that that the cumulative effect of various errors during the trial warranted a new trial. *United States v. Adams, et al.*, 722 F.3d 788 (6th Cir. 2013). Judge Reeves recused from the matter and reassigned it to the undersigned. (DE 1311.)

The counts and Defendants to be tried are:

| Count Number | Defendants Charged | Charge |
|---|---|---|
| Count 1 | Maricle, Adams, Jones, Stivers, Thompson | Conspiracy to violate RICO under 18 U.S.C. § 1962(d) |
| Count 2 | Maricle and Stivers | Instructing a grand jury witness to testify falsely in violation of 18 U.S.C. § 1503 |
| Count 3 | Thompson | Giving false grand jury testimony in violation of 18 U.S.C. § 1503 |
| Count 4 | Maricle, Jones, Stivers, and Thompson | Conspiracy to oppress voting rights of citizens under 18 U.S.C. § 241 |
| Count 5 | Maricle, Jones, Stivers, and Thompson | Conspiracy to buy votes in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i |

With this motion, Thompson asks the Court to dismiss the charge against him under 18 U.S.C. § 1503. This charge was contained in count nine of the indictment that was in effect at the time that Thompson filed his motion to dismiss. After Thompson filed his motion, the grand jury issued a superseding indictment in which the § 1503 charge against Thompson is now contained in count three. The new count three is identical to the former count nine. Accordingly, Thompson's motion to dismiss remains relevant and the court will construe it to be directed to count three of the most recent superseding indictment.

Count three charges that:

On or about July 12, 2007 . . . [Thompson] did corruptly endeavor to influence, obstruct and impede the due administration of justice . . . by testifying falsely before a federal grand jury in Lexington, Kentucky, while an investigation in the Eastern District of Kentucky was pending. . . ."

(DE 1493, Superseding Indictment.)

Thompson argues that this charge should be dismissed because the indictment fails to identify what the false statements were that he allegedly made before the grand jury. The Constitution does not require that level of specificity in the indictment.

> To pass constitutional muster, an indictment must meet a two-prong test: first, the indictment must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces; second, the indictment must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts.

*United States v. Martinez*, 981 F.2d 867, 872 (6th Cir.1992).

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Coss*, 677 F.3d 278, 288 (6th Cir. 2012) (citation and internal quotations omitted). "However, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* (quoting *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir.2001)).

The indictment here is sufficient. It tracks the language of § 1503 itself. There is no allegation that the statutory language is ambiguous. Further, in *United States v. Monus*, 128 F.3d 376, 388 (6th Cir. 1997), the Sixth Circuit determined that an indictment charging a § 1503 violation is constitutionally sufficient if it employs the language of the statute. The indictment further provides the date and place that Thompson allegedly gave false testimony. Thus, Thompson has ample notice of the charge against him.

In support of his argument, Thompson cites cases holding that a perjury indictment must set out the allegedly perjurious statements. (DE 365). Thompson is not charged with perjury, however. He is charged with obstructing justice. Thompson cites no authority holding that an indictment that charges a § 1503 violation through false grand jury testimony must specify the false statement allegedly given. Other courts have held that an indictment under § 1503 is not subject to the same specificity requirements as a perjury charge. *See, e.g., United States v. Friedland*, 660 F.2d 919 (3rd Cir. 1981) (3rd Cir. 1981); *United States v. Schwimmer*, 649 F.Supp. 544, 547 (E.D.N.Y. 1986); *United States v. Martino*, No. 85-00150, 1988 WL 41468, at *2 (E.D. Pa. 1988).

Thompson argues that, at the first trial, the government argued five different theories of how he testified falsely before the grand jury. But there is nothing wrong with the government arguing that Thompson violated the statute in the manner specified in the indictment in a number of ways, assuming that it has the evidence to support that argument. Further, Thompson, having been present for the first trial, has prior knowledge of precisely what evidence the government will be presenting. Thus, he most certainly has adequate notice of the charge against him.

For all these reasons, the Court hereby ORDERS that Defendant Freddy Thompson's motion to dismiss (DE 1404) the charge that he violated 18 U.S.C. § 1503 is DENIED.

Dated this 9th day of October, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge