UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 6:09-16-KKC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| WILLIAM E. STIVERS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Motion for a Bill of Particulars filed by the Defendant William E. Stivers (DE 1402). For the following reasons, the motion will be denied.

The Defendants are charged with various violations of federal law, all of which are related to their alleged participation in a vote-buying and vote-stealing scheme in Clay County, Kentucky that lasted from 2002 to 2007 and encompassed three election cycles – 2002, 2004, and 2006. There are now five Defendants in this matter scheduled for trial: Maricle, Douglas C. Adams, Charles Wayne Jones, William E. Stivers, and Freddy W. Thompson.

Trial is scheduled to begin November 4, 2013. This will be the second trial of these Defendants. Their first trial occurred before U.S. District Judge Danny Reeves. After seven weeks, the jury found all of the Defendants guilty of all counts. The Sixth Circuit vacated the Defendants' convictions finding that that the cumulative effect of various errors during the trial warranted a new trial. *United States v. Adams*, 722 F.3d

788 (6th Cir. 2013). Judge Reeves recused from the matter and reassigned it to the undersigned. (DE 1311.)

Following is a summary of the charges against each Defendant:

| Count Number | Defendants Charged | Charge |
| --- | --- | --- |
| Count 1 | Maricle, Adams, Jones, Stivers, Thompson | Conspiracy to violate RICO under 18 U.S.C. § 1962(d) |
| Count 2 | Maricle and Stivers | Instructing a grand jury witness to testify falsely in violation of 18 U.S.C. § 1503 |
| Count 3 | Thompson | Giving false grand jury testimony in violation of 18 U.S.C. § 1503 |
| Count 4 | Maricle, Jones, Stivers, and Thompson | Conspiracy to oppress voting rights of citizens under 18 U.S.C. § 241 |
| Count 5 | Maricle, Jones, Stivers, and Thompson | Conspiracy to buy votes in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i |

In Count One of the superseding indictment, all five Defendants are charged with conspiring to violate subsection (c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO") in violation of 18 U.S.C § 1962(d). Subsection (c) of the Act prohibits any person who is "employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c).

Thus, RICO regulates two kinds of enterprises: 1) enterprises *engaged in* interstate or foreign commerce; and 2) enterprises that engage in activities that *affect* interstate or foreign commerce.

The indictment alleges that the Clay County Board of Elections is the RICO enterprise in this action. With his motion, Stivers asks the Court to order the government to file a bill of particulars "as to the manner and/or means by which the Clay County

Board of Elections . . . 'engaged in, and the activities of which, affected interstate commerce.'" (DE 1402.)

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes . . . It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). The "accepted general rule is that if the indictment charges in general language all of the essential elements of the offense with sufficient certainty that it is not open to attack on the ground of being fatally infirm but fails to inform the accused with sufficient particularity of the charges against which he will have to defend at the trial, the remedy is to move for a bill of particulars." *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972). "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008)

Stivers asks that the Court require the government to set forth "the manner /or means by which the Clay County Board of Elections . . . 'engaged in, and the activities of which, affected interstate commerce.'" But the government is not required to set forth that information in the indictment. The indictment identifies the RICO enterprise, sets forth the Defendants' alleged purposes in conspiring to violate RICO, explains the actions that the Defendants allegedly undertook to accomplish their purposes, and sets forth the dates that the alleged conspiracy took place. Further, it sets forth the elements of the RICO conspiracy charge and cites the statute.

Assuming that the government alleges that the Clay County Board of Elections is the RICO enterprise in this action, the language of the RICO charge in the indictment sufficiently apprises the Defendants of the RICO charges to enable them to prepare for trial.

Any confusion regarding the RICO charge is not caused by the language of the indictment. Instead, any confusion has arisen from the government's arguments in their briefs that the Court should consider the activity of all of the Defendants – not just the Clay County Board of Elections – in determining whether the enterprise's activities had a sufficient effect on interstate commerce. Thus, on October 11, 2013, the Court ordered the government to file a brief precisely defining the alleged RICO enterprise. The Court also ordered that, if the government now defines the RICO enterprise differently than it did in the indictment, it must address whether the Defendants were sufficiently notified of the RICO charge pending against them.

The government's response to the Court's order should clarify whether it continues to define the RICO enterprise as the Clay County Board of Elections. Assuming that it does, the indictment sufficiently apprises the Defendants of the RICO charge against them.

For all these reasons, the Court hereby ORDERS that the Motion for a Bill of Particulars filed by the Defendant William E. Stivers (DE 1402) is DENIED.

Dated this 17th day of October, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge