**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

| | |
|---|---|
| **CRIMINAL NO. 6:09-CR-16-KKC** | *ELECTRONICALLY FILED* |
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **V.** | **UNITED STATES' NOTICE REGARDING THE DEFINITION OF THE ENTERPRISE AT ISSUE** |
| **RUSSELL CLETUS MARICLE, ET AL.** | **DEFENDANTS** |

\* \* \* \* \* \*

Pursuant to the Court's October 11, 2013 Order, the United States respectfully submits the following notice regarding the definition of the enterprise at issue under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

The grand jury has returned a Third Superseding Indictment defining the enterprise as a group of individuals who were associated in fact. [*See* DE 1529, Count 1 ¶ 7.] The members of this enterprise included Defendants Maricle, Adams, Jones, Stivers, and Thompson. [*Id.*] The defendants' common purposes for associating in this enterprise were to obtain, solidify, preserve, and expand control for themselves and their associates through the use and misuse of the authority and power of the Clay County Board of Elections, the office of Circuit Judge, the office of Superintendent of Schools, and the office of County Clerk. [*Id.*, Count 1 ¶ 8.] Each of the defendants had specific roles in the structure of the enterprise and, in accordance with these roles, carried out specific actions in furtherance of the defendants' common purposes. [*See id.*, Count 1 ¶¶ 2-6, 9(a)-(d).]

The United States presented the Third Superseding Indictment to the grand jury in order to clarify and thus narrow the definition of the enterprise at issue. Earlier indictments were susceptible of two interpretations. The earlier indictments charged that a legal entity, the Clay

County Board of Elections ("the Board"), including its executive departments, offices, and employees, was an enterprise. [*See* DE 1493, Count 1 ¶ 7; DE 272, Count 1 ¶ 10.] At the same time, the earlier indictments also charged that all of the defendants were engaged in the operation and management of the enterprise. [*See* DE 1493, Count 1 ¶ 7; DE 272, Count 1 ¶ 10.] Because some of the defendants were not employees of the Board and were referenced in the previous indictments as associates of the enterprise, this allegation necessarily meant that the defendants were associated in fact.

Previous indictments thus placed the defendants on notice that they were charged, under RICO, with associating in fact with one another and others. The defendants also received notice of this allegation at the previous trial, at which the evidence established that each of the defendants (including nonmembers of the Board) associated together and with others for common purposes. [*See., e.g.,* DE 880 March 9, 2010 Tr., at 101-103.] The RICO count, as clarified in the Third Superseding Indictment, alleges a violation of the same statute, involves the same coconspirators, will rely on the same evidence, and will not expose any defendant to a greater sentence. The Third Superseding Indictment merely eliminates one possible interpretation of the enterprise at issue and, thus, provides the defendants with even more notice of the charge against them.

        Respectfully submitted,

        KERRY B. HARVEY
        UNITED STATES ATTORNEY

BY:   /s/ Jason D. Parman
        Assistant United States Attorney
        601 Meyers Baker Road, Suite 200
        London, KY 40741
        Tel: (606) 864-5523
        Jason.Parman@usdoj.gov

/s/ Andrew T. Boone
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, KY 40507
(859) 685-4800
Andrew.Boone2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

/s/Andrew Boone
Assistant United States Attorney