UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 6:09-16-KKC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| RUSSELL CLETUS MARICLE, | ) | |
| DOUGLAS C. ADAMS, | ) | |
| CHARLES WAYNE JONES, | ) | |
| WILLIAM E. STIVERS, and | ) | |
| FREDDY W. THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

** ** ** ** ** **

This matter is before the Court on motions in limine filed by the parties.

The Defendants are charged with various violations of federal law, all of which are related to their alleged participation in a vote-buying and vote-stealing scheme in Clay County, Kentucky that lasted from 2002 to 2007 and encompassed three election cycles – 2002, 2004, and 2006. There are now five Defendants in this matter scheduled for trial: Freddy Thompson, Charles W. Jones, Russell Cletus Maricle, Douglas C. Adams, and William E. Stivers.

Trial is scheduled to begin November 4, 2013. This will be the second trial of these Defendants. Their first trial occurred before U.S. District Judge Danny Reeves. After seven weeks, the jury found all of the Defendants guilty of all counts. The Sixth Circuit vacated the Defendants' convictions finding that that the cumulative effect of various errors during the trial warranted a new trial. *United States v. Adams, et al.*, 722 F.3d 788 (6th Cir. 2013). Judge Reeves recused from the matter and reassigned it to the undersigned. (DE 1311.)

Following is a summary of the charges against each Defendant:

| Count Number | Defendants Charged | Charge |
|---|---|---|
| Count 1 | Maricle, Adams, Jones, Stivers, Thompson | Conspiracy to violate RICO under 18 U.S.C. § 1962(d) |
| Count 2 | Maricle and Stivers | Instructing a grand jury witness to testify falsely in violation of 18 U.S.C. § 1503 |
| Count 3 | Thompson | Giving false grand jury testimony in violation of 18 U.S.C. § 1503 |
| Count 4 | Maricle, Jones, Stivers, and Thompson | Conspiracy to oppress voting rights of citizens under 18 U.S.C. § 241 |
| Count 5 | Maricle, Jones, Stivers, and Thompson | Conspiracy to buy votes in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i |

## I.    The United States' Motion in Limine (DE 1469).

The United States moves to prohibit the Defendants from cross examining the government's witnesses regarding arrests that did not lead to convictions. The Court GRANTS the motion. To the extent that any Defendant believes such evidence becomes relevant, the Defendant SHALL approach the bench prior to introducing the evidence at trial.

The United States moves to prohibit the Defendants from introducing evidence that its witnesses were administered a polygraph examination. The Court GRANTS the motion. To the extent that any Defendant believes such evidence becomes relevant, the Defendant SHALL approach the bench prior to introducing the evidence at trial.

The United States moves to exclude what it denominates as "self-serving statements" by the Defendants contained on recordings of certain of the Defendants made by cooperating witnesses during the FBI investigation of this matter. The Court will address this issue in a separate ruling regarding all objections to the recordings.

The United States moves to exclude the Defendants from cross examining FBI task force officer Edsel Vincent "Buddy" Blair regarding a book written by Blair's wife entitled *Gravy, Grits, and Graves*. The government argues that the book is irrelevant. The Court GRANTS the motion. To the extent that any Defendant believes such evidence becomes relevant, the Defendant SHALL approach the bench prior to introducing the evidence at trial.

## II.    Defendant Adams' Motion in Limine (DE 1470).

Defendant Adams seeks to exclude the undercover recordings made by Wanda and Kennon White and any related transcripts and testimony. The Court will address this issue in a separate ruling regarding all objections to the recordings.

Adams seeks to exclude evidence of the alleged obstruction charged in Counts 2 and 3 and the alleged vote-stealing charged in Count 4. Adams is not charged in any of these counts. Adams argues that the evidence should be excluded under Federal Rule of Evidence 403 because it is more prejudicial as to him than probative. This portion of Adams' motion is DENIED.

Evidence regarding the alleged obstruction is probative as to the RICO conspiracy charge because the indictment alleges that obstruction was a predicate act of the RICO violation. Nevertheless, the Court recognizes that Adams is not charged with obstruction or with conspiracy to buy and steal votes. The Court will prevent any unfair prejudice to Adams through proper instruction. "[J]uries are presumed capable of sorting evidence and considering separately each count and each defendant." *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Welch*, 97 F.3d 142, 147 (6th Cir.1996)). As the Court explained in its opinion regarding Adams' motion to sever his

trial, the Court will instruct the jury that they should consider the obstruction evidence with regard to the defendants charged in Counts 2 and 3 and as evidence that the RICO predicate acts occurred. The Court will further instruct the jury that they should not consider the evidence in any other way. *See* Sixth Circuit Pattern Jury Instructions, § 7.18.

The Court will also instruct the jury that they must separately consider the evidence as to each defendant and separately decide for each defendant whether the government has proved that particular defendant guilty. Sixth Circuit Pattern Jury Instructions, § 2.01D. Such instructions "often will suffice to cure any risk of prejudice" from joint trials. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Adams has not put forth any reason that these instructions will not be adequate in this case.

Adams also moves to exclude 404(b) and "res gestae" evidence regarding vote-buying that occurred before 2002. In its 404(b) notice, the government states that it intends to call Kenneth Day, Eugene Lewis, and J.C. Lawson to testify regarding numerous instances of vote buying and Defendant Maricle's involvement in influencing a grand jury. In accordance with the Sixth Circuit's opinion, the Court will permit the government to introduce evidence regarding alleged vote buying by any of the defendants in the 1980s and 1990s. *Adams*, 722 F.3d at 811-13. Accordingly, the Court DENIES Adams' motion to the extent that he seeks to exclude such evidence. As to evidence of "Maricle's involvement in influencing a grand jury," the Court is uncertain as to what this evidence is and the Sixth Circuit's opinion does not explain it. The government shall further explain this evidence at the October 31 pretrial conference and the Court will hear any objections at that time.

4

Adams also seeks to exclude FBI Agent Timothy Briggs' testimony. The Court will address the admissibility of Agent Briggs' testimony in a separate ruling.

Adams seeks to exclude the testimony of IRS Special Agent Jeff Sagrecy. The United States has filed a notice of its intent to call Sagrecy as an expert regarding the RICO charge. The Court has set a hearing on October 31, 2013 at 2:00 p.m. to determine Sagrecy's qualifications to testify as an opinion witness on the identified subject. The Court will rule on this portion of Adams' motion after the hearing.

### III.    Defendant Maricle's Motion in Limine (DE 1477).

Defendant Maricle moves to limit the testimony of Todd Roberts to his actual observation. The government agrees that, if Roberts testifies at the second trial, his testimony will be limited to his personal knowledge. Accordingly, this motion will be DENIED as moot.

### IV.    Defendant Stivers' Motion in Limine (DE 1481).

Defendant Stivers moves to limit any testimony admitted pursuant to the co-conspirator exception to "that shown to be in furtherance of a specific criminal purpose, rather than a generalized, county-wide conspiracy to achieve the lawful purpose of obtaining and maintaining political power." Stivers does not object to any specific testimony but instead makes a general request that the court limit testimony admitted pursuant to the co-conspirator exception. "A statement is 'in furtherance of' a conspiracy if it is intended to promote the 'objectives of the conspiracy.' " *United States v. Henderson*, 307 F. App'x 970, 977 (6th Cir.2009). "Whether a statement was in furtherance of a conspiracy turns on the context in which it was made and the intent of the declarant in making it." *United States v. Warman*, 578 U.S. 320, 338 (6th Cir. 2009).

This portion of Stivers' motion is DENIED as premature. Stivers can reassert this portion of his motion as appropriate with regard to specific testimony.

Defendant Stivers also moves the Court to preclude the government from vouching for the credibility of cooperating witnesses and to prohibit the government's *improper* use of pleas or plea agreements by codefendants. The Court GRANTS this portion of the motion.

### V.       Defendant Jones' Motion in Limine (DE 1485).

Defendant Jones seeks to exclude the use of any transcripts of the undercover recordings. Defendant Jones also seeks to exclude all recordings themselves and makes specific objections to certain portions of the recordings.  The Court will address these issues in a separate ruling regarding all objections to the recordings.

Jones also moves to exclude all portions of a video clip from a 1989 episode of the "Inside Edition."  In one portion of the video, Maricle states "a substantial percentage of voters can be bought on election day, and by substantial, I mean thirty percent or more."   The Sixth Circuit determined that this statement was "relevant and proper evidence under Rule 404(b)" because "it shows Maricle's intimate understanding of just how many votes can be bought in Clay County." *Adams*, 722 F.3d at 821 n. 23.  The Sixth Circuit determined that, "[i]f the video had been limited to this portion, it would have been admissible."   In accordance with the Sixth Circuit's opinion, the Court DENIES Jones' motion to the extent that he seeks to exclude the statement by Maricle discussed above but GRANTS the motion to the extent he seeks to exclude all other portions of the Inside Edition video clip.

Jones also moves to exclude the testimony of Day, Lewis, and Lawson and any other government witness regarding drug trafficking, drug crimes, or the use of drug money in the electoral process. Pursuant to the Sixth Circuit's opinion, this evidence is not admissible. *Id*. at 813-19. The government states that it does not intend to introduce such evidence.  Accordingly, this portion of Jones' motion is DENIED as moot.

**VI.     CONCLUSION.**

The Court hereby ORDERS as follows:

1)      The United States' Motion in Limine (DE 1469) is DEFERRED as to the motion to exclude "self-serving statements" on the undercover recordings.  The motion is otherwise GRANTED as detailed above;

2)      Adams' motion in limine (DE 1470) is DEFERRED as to his objections to the undercover recordings, the testimony of FBI Agent Briggs and IRS Agent Sagrecy, and 404(b) evidence regarding Defendant Maricle's involvement in influencing a grand jury.  The motion is otherwise DENIED as detailed above;

3)      Maricle's motion in limine (DE 1477) regarding the testimony of Todd Roberts is DENIED as moot as detailed above;

4)      Stivers' motion in limine (DE 1481) is DENIED as premature as to his request to limit the testimony admitted pursuant to the coconspirator exception to the hearsay rules.  The motion is otherwise GRANTED as detailed above; and

5)      Jones' motion in limine (DE 1485) is DEFERRED as to his objections to the undercover recordings; DENIED as to Maricle's statement detailed above in the Inside Edition video clip; GRANTED as to any other portions of the Inside Edition video

clip; and DENIED as moot regarding the testimony of Day, Lewis, and Lawson regarding drug trafficking, drug crimes or the use of drug money in the electoral process.

This 28th day of October,

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY