UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )  )  Plaintiff, )  v. )  ) RUSSELL CLETUS MARICLE, ) DOUGLAS C. ADAMS, ) CHARLES WAYNE JONES, ) WILLIAM E. STIVERS, and ) FREDDY W. THOMPSON, )  ) Defendants. ) | CRIMINAL NO. 6:09-16-KKC  **ORDER** |

\*\* \*\* \*\* \*\* \*\*

The Court conducted a pretrial conference in this matter on October 31, 2013 at which the Court declined to accept certain tendered plea agreements regarding four of the Defendants.

The Defendants are charged with various violations of federal law, all of which are related to their alleged participation in a vote-buying and vote-stealing scheme in Clay County, Kentucky that lasted from 2002 to 2007 and encompassed three election cycles – 2002, 2004, and 2006. There are now five Defendants in this matter scheduled for trial: Freddy Thompson, Charles W. Jones, Russell Cletus Maricle, Douglas C. Adams, and William E. Stivers.

Trial is now scheduled to begin November 18, 2013. This will be the second trial of these Defendants. Their first trial occurred before U.S. District Judge Danny Reeves. After seven weeks, the jury found all of the Defendants guilty of all counts. The Sixth Circuit vacated the Defendants' convictions finding that that the cumulative effect of various errors during the trial warranted a new trial. *United States v. Adams, et al.*, 722 F.3d 788 (6th Cir. 2013). Judge Reeves recused from the matter and reassigned it to the undersigned. (DE 1311.)

Following is a summary of the charges against each Defendant:

| Count Number | Defendants Charged | Charge |
| --- | --- | --- |
| Count 1 | Maricle, Adams, Jones, Stivers, Thompson | Conspiracy to violate RICO under 18 U.S.C. § 1962(d) |
| Count 2 | Maricle and Stivers | Instructing a grand jury witness to testify falsely in violation of 18 U.S.C. § 1503 |
| Count 3 | Thompson | Giving false grand jury testimony in violation of 18 U.S.C. § 1503 |
| Count 4 | Maricle, Jones, Stivers, and Thompson | Conspiracy to oppress voting rights of citizens under 18 U.S.C. § 241 |
| Count 5 | Maricle, Jones, Stivers, and Thompson | Conspiracy to buy votes in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i |

The United States and four of the remaining Defendants tendered proposed binding plea agreements for this Court's consideration. With the tendered plea agreements, the Defendants agree to plead guilty to the RICO charge but reserve their right to appeal their conviction on this charge on several grounds. All but one of these grounds is a legal determination made by this Court that is appropriate for review by the U.S. Court of Appeal for the Sixth Circuit. One of the grounds reserved for appeal, however, is "[w]hether the enterprise alleged in Count 1 of the superseding indictment (Doc. 1529) had the requisite effect on interstate commerce." The problem with reserving this issue for appeal is that this Court has not yet ruled on it.

As the parties recognize in the tendered plea agreements, this is an element of a RICO charge that a jury would be required to find based upon the evidence presented at trial. If the Defendants were to request it after the close of the government's evidence or after the close of all evidence, this Court could determine that the government had failed to present sufficient evidence on this element to sustain a RICO conviction. Fed. R. Cr. P. 29(a). Likewise, if the jury were to find the Defendants guilty of this count and if requested by the Defendants, this Court could set aside the guilty verdict for insufficient evidence on this element of the crime.

But the Court has not yet made any such determination. It is not appropriate or even possible to determine this issue prior to the trial and the government's presentation of the evidence. Thus, there would be no decision on this issue for the Sixth Circuit to review.

To the extent that the parties are proposing to ask the Sixth Circuit to review any rulings by Judge Reeves regarding the sufficiency of the evidence on the interstate-commerce element, those rulings are now moot. The Sixth Circuit has awarded the Defendants a new trial. On any new appeal, the Sixth Circuit will address post-remand rulings by this Court. It will not again review rulings made by Judge Reeves during the first trial.

The parties seem to understand that the interstate-commerce element depends upon the evidence presented at trial. In the tendered plea agreements, however, the parties – including the United States – agree that this issue can be resolved by the Sixth Circuit on appeal "from the record made at the first trial, 6:09-cr-16-DCR."

Thus, it appears that the parties propose to ask the Sixth Circuit, not to review this Court's ruling on the sufficiency of the evidence, but instead to review the evidence presented at the first trial and make its own determination as to the sufficiency of the evidence on the interstate-commerce element of the RICO charge. The jurisdiction of the federal courts of appeals is generally limited, however, to reviewing the "final decisions" by district courts. 28 U.S.C. § 1291. Thus, the Sixth Circuit could review this Court's decision on whether the government presented sufficient evidence on the interstate-commerce element of the RICO charge. But, it will not make that determination on its own.

The Defendants have also urged this Court to rely on the evidence presented at the first trial to decide the sufficiency of the government's evidence on the interstate-commerce element of the RICO charge. The Sixth Circuit has ruled, however, that because of certain evidence admitted in the first trial, the Defendants were deprived of their rights to due process. Thus, the Defendants are entitled to a *new trial*. The Court is aware of no authority that would allow it to

nonetheless rely on the evidence presented at the first trial to determine the sufficiency of the evidence presented on an element of the crime.

*If* the parties could stipulate as to the evidence that the Court should consider regarding the interstate-commerce element and *if* they could agree that the Court could determine the sufficiency of the government's evidence on this issue before the trial, then perhaps this Court could make that determination without the necessity of a new trial.  But, at the pretrial conference, the parties indicated that they could not stipulate as to the evidence the Court should consider on this issue and, at least until the plea agreement, the United States did not agree that the Court could make this determination before trial.

Because the plea agreements condition the Defendants' guilty pleas on their ability to appeal an issue that has yet to be decided by this Court, the Court cannot accept the plea agreements.  For these reasons, and those stated on the record, the Court DECLINES to accept the tendered plea agreements.

Dated this 4th day of November, 2013.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY