UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CRIMINAL ACTION NO. 09-CR-00016-KKC

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.

<u>SENTENCING MEMORANDUM BY STANLEY BOWLING</u>

STANLEY BOWLING                                                                              DEFENDANT

\* \* \*

Comes now Defendant, Stanley Bowling, by and through counsel, and submits the following Sentencing Memorandum in an effort to assist the Court in evaluating the proposed plea agreement and proposed sealed supplement thereto which will be presented at the sentencing of Mr. Bowling. This Sentencing Memorandum is designed to respond to the Sentencing Memorandum dated January 28, 2014 offered by United States Probation Officer Richard B. Mills, and his analysis of the application of the sentencing guidelines to the plea agreement.

POSTURE OF THE CASE:

Stanley Bowling entered a binding plea agreement and sealed supplement, filed of record as documents number Doc #1423 and 1424, respectively. This agreement has not yet been accepted by the Court. That proffered plea agreement provided for imposition of a sentence of sixty-six months. The United States has indicated that it intends to amend the provisions of Mr. Bowling's plea agreement to allow him to request that the Court impose a lower sentence. For the reasons which appear below, it is submitted that, once the Court accepts the amended plea agreement, that Mr. Bowling has served more time than the guidelines require, and that he should have a sentence imposed of "time served."

Stanley Bowling admitted to committing each of the essential elements in Count I of the Superseding Indictment, which charged a violation of the federal racketeering statute, 18 U.S.C.§ 1962 (d). The factual basis in paragraph 3 of both the yet to be accepted plea agreement and the amended agreement to be presented at sentencing, is that Mr. Bowling admits to committing a pattern of racketeering activity by committing two predicate acts in violation of the Kentucky vote buying statute, KRS § 119.205. Specifically, Mr. Bowling admitted in the 2002 election **_only_** to : (1) "pool[ing] money together to bribe voters for a slate of candidates that included himself and Jennings White," and (2) meeting with Bart Morris and Cletus Maricle to obtain "$1,000 from Maricle to be used to bribe voters to vote for [Bowling]." Mr. Bowling did not admit to any other acts of relevant conduct, and as the Court as recently noted, none of the evidence introduced at Mr. Bowling's first trial should be considered relevant conduct because the Sixth Circuit determined that the entire trial violated all Defendants' due process rights because of the large number of evidentiary errors.

Thus, this Court should only consider these two acts of criminal conduct in determining the sentencing range recommended by the Sentencing Guidelines. Those Guidelines specify that the Court should apply U.S.S.G. § 2E1.1 to violations of 18 U.S.C. § 1962. Note Two to the Commentary to U.S.S.G. § 2E1.1 states that "[i]f the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used." In Mr. Bowling's case, the underlying predicate act, KRS § 119.205, provided that "[a]ny person who makes or offers to make an expenditure to any person, either to vote or withhold his vote, or to vote for or against any candidate or public question at an election shall be guilty of a Class D felony." The most analogous federal statute, which the Sixth Circuit acknowledged mirrors the language of KRS § 119.205 almost word for word, is 18 U.S.C. § 597. That statute clearly states that "[w]hoever makes or offers to make an expenditure to any person, either to vote or withhold

his vote, or to vote for or against any candidate" violates the law.

Applying Note Two to the §2E1.1 Commentary, the Guideline that should be applied to analogous 18 U.S.C. § 597 state-level offenses (using Appendix A to the Federal Sentencing Guidelines) is U.S.S.G § 2H2.1. If applied to the facts in this case, § 2H2.1 prescribes that the base offense level should be 12 because "[election] obstruction occurred by…bribery." There are no other specific offense characteristic adjustments. Since an offense level of 12 is less than the "alternative minimum level" specified in U.S.S.G § 2E1.1, Note 3 to the Commentary says that a final offense level of 19 for racketeering offenses should be used.

In the case before the Court, because Mr. Bowling has no prior criminal record, the recommended sentencing range for this offense should be 30-37 months. Mr. Bowling has already served 40 months. We would request that the Court acknowledge the Mr. Bowling has spent more time incarcerated that his appropriate Sentencing Guideline range would recommend. We would also appreciate the Court's recognition that Mr. Bowling has cooperated with the government in numerous ways. Initially, he offered grand jury testimony pursuant to a grant of immunity by the United States Attorney General, and was nonetheless brought into the case by a superseding indictment in spite of his extraordinarily meaningful cooperation. Secondly, he, along with co-defendants Bart Morris and Deb Morris, entered a plea agreement with the United States Government on September 05, 2013, which undoubtedly assisted in the subsequent plea agreements of the five remaining co-defendants two months later, on November 06, 2013.

Since, it is anticipated that the amended plea agreement will be presented and accepted at Mr. Bowling's sentencing, and that the amended agreement will allow a sentencing of "time served" for Mr. Bowling, it would seem that the application of the advisory guideline range is unnecessary under § 3553 . Mr. Bowling would point out to the Court, however, that the U.S. Probation office once calculated the guidelines in a similar fashion to the argument presented

herein. Although the probation office replaced its original calculation with the much harsher interpretation contained in its current Sentencing Memorandum, it is certainly validation of the fact that reasonable persons can, and do, differ with respect to the proper application of the guidelines in this case. In view of Mr. Bowling's cooperation in this case, both prior to his original indictment and despite his immunity, and his subsequent cooperation well in advance of all co-defendants except Bart Morris and Deb Morris, and his immediate resignation from the Clay Fiscal Court (the public office to which he was elected) upon his conviction, it is submitted that Stanley Bowling has served more time than is required by the law or by the guidelines, and he respectfully requests that the Court accept his amended plea agreement and impose a sentence of "time served". This is the most appropriate sentence considering the factors set out in § 3553 and is consistent with the sentences given the Co-Defendants in this case.

Respectfully submitted,

SIMONS, DUNLAP & FORE, P.S.C.
Chase Bank Building
116 West Main Street, Suite 2A
P. O. Box 726
Richmond, KY  40476-0726
(859) 623-5205; Fax (859) 623-7394

By: s/ Daniel A. Simons

CERTIFICATE OF SERVICE

This is to certify that a true copy of this SENTENCING MEMORANDUM has been served on April 15, 2014, by filing same via the CM/ECF system, which will send electronic notice to the following counsel of record:

Jason D. Parman, Esq.            Jason.Parman@usdoj.gov

s/Daniel A. Simons
ATTORNEY FOR DEFENDANT
STANLEY BOWLING